## Richmond.

NEW YORK LIFE INS. CO. v. TALIAFERRO.

JANUARY 20, 1898.

Absent, Cardwell, J.

1. EVIDENCE—*Objections to—Introducing the Same Evidence.*—If a party objects to the introduction of evidence which is admitted, and afterwards introduces the same evidence himself, it is not ground for reversing the judgment although the evidence objected to was incompetent.

2. INSTRUCTIONS BASED ON ONLY PART OF THE EVIDENCE.—It is not error to refuse an instruction based upon only a part of the evidence which tends to prove the fact at issue, and omits altogether other evidence tending to prove the same fact.

3. VERDICT—*Conflicting Evidence—Benefits and Burdens of a Contract.*— This court will not set aside the verdict of a jury and award a new trial on the ground that the verdict was contrary to the law and evidence, where the evidence is conflicting, and it appears that there was evidence sufficient to justify the verdict. In the case at bar the defendant refused the request of the plaintiff to rescind the contract out of which the plaintiff's claim grew, and insisted on retaining the benefit of it, and it must therefore bear its burdens also.

Error to a judgment of the Law and Chancery Court of the city of Norfolk, rendered March 16, 1896, in an action of *assumpsit,* wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Walke & Old,* for the plaintiff in error.

*W. L. Williams,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

W. H. Taliaferro brought an action of *assumpsit* against the
New York Life Insurance Company to recover compensation
for services rendered as agent of that company.   A judgment
was rendered in his favor, and to that judgment this writ of
error was awarded.

Upon the trial of the cause the plaintiff introduced in evi-
dence a written agreement between the parties by which the
plaintiff was created the agent of the defendant company, and
the terms and conditions of the agency were fixed.   To the in-
troduction of that paper the defendant objected, upon the
ground that it was under seal and would not therefore sustain
an action of *assumpsit*, but the objection was overruled, and
this action of the court is assigned as error.   At a later stage of
the trial the defendant company read to the jury the deposition
of its president, to which was attached a duplicate of the written
agreement introduced by the plaintiff.   This the plaintiff insists
was a waiver of the defendant's objection to the introduction of
the paper.

If this be so, it is immaterial whether the writing was under
seal or not.

If a party objects to the introduction of evidence, and after-
wards introduces the same evidence himself, it is no ground for
reversing the judgment, although the evidence objected to was
incompetent.   Some courts so hold because the error is harmless,
and others because the subsequent introduction of the same evi-
dence is a waiver of the objection.   Whether it be placed upon
one ground or the other, the result is the same.

In the case of *Va. & Tenn. Coal & Iron Co.* v. *Fields*,
recently decided by this court, 94 Va. 102, where this question
arose, it was said: "But even though the court erred in admit-
ting the record when offered by the plaintiffs, that error was
cured by the defendants when they themselves, at a subsequent
stage of the cause, offered the same record in evidence.   If the

action of the court in permitting this record to be read at the instance of the plaintiffs were now held to be˙erroneous, it would not affect the record as it was presented in the trial before the jury, for it would still be in evidence upon the motion of the defendants.  *   *   *   *   *  *Rich* v. *Rich,* 16 Wend. at page 666; *Edington* v. *Insurance Co.,* 67 N. Y. at page 192." See also *State* v. *Furney,* 41 Kansas 115; 2 Amer. & Eng. Enc. Pl. & Pr., 559.

The next error assigned is to the court's refusal to give instruction No. 3 asked for by the defendant.

One of the questions to be determined by the jury was whether the defendant company had ratified the action of the plaintiff in agreeing to make a rebate on the cash premium paid by one Burruss, on a policy of insurance which he had been induced to take out in the defendant company by the plaintiff, or his associate or sub-agent, one Haddaway.

The instruction which the court refused to give informed the jury, among other things, that "the deposit and use by the company of the check of W. H. Taliaferro for $1,478.25, the proceeds of said Burruss's note, did not constitute any waiver by the company of its rights to the balance of the said premium due it, if at the time of such deposit and use the company was steadily claiming from said Taliaferro, or said Taliaferro and Haddaway, the balance of said premium due it."

Whether the defendant company had ratified the action of the plaintiff, or of the plaintiff and Haddaway, in agreeing to make such rebate, or had waived its right to claim from the plaintiff the amount of the rebate, was not to be ascertained merely from the fact that the defendant company had received a check for its share of the first premium, less the rebate, and used the proceeds thereof with knowledge that it was in full of the cash premium, but was to be determined from all the acts of the defendant company in evidence which tended to show such ratification or waiver. There being other evidence tending to show this, the court did not err in refusing to give the instruction.

*New York, &c., R. Co.* v. *Thomas,* 92 Va. 606; *Kimball &
Fink* v. *Borden, ante p.* 203.

The third and last assignment of error is to the action of the
court in refusing to set aside the verdict because contrary to the
law and the evidence.

It is not denied that the verdict of the jury was correct if
the plaintiff had secured as much as $200,000 of new insurance,
and the defendant company had ratified the contract of in-
surance made with Burruss for $100,000, in which a rebate on
the cash premium was allowed without authority; but it is
insisted that the evidence did not establish either of these facts.

The evidence shows that the plaintiff had secured more than
$200,000 of new insurance if the Burruss policy for $100,000
was secured by him. There is some conflict in the evidence
as to whether the last named policy was secured by Haddaway
as the agent of the plaintiff, or was secured by him on
their joint account. There was, however, evidence suffi-
cient to justify the jury in reaching the conclusion that the
Burruss policy was secured by the plaintiff on his own account,
through Haddaway as his agent.

The evidence shows that after the Burruss policy was de-
livered, but before the defendant company had been paid any
part of the cash premium, it had full knowledge of all the facts
connected with the transaction; that it knew that the plaintiff
thought, though erroneously, that the defendant company had,
through Haddaway, authorized the rebate; that when it called
upon the plaintiff to account for the rebate he declined to do
so, and requested the defendant, if the contract of insurance
made with Burruss was not satisfactory, to return the check
then held by it for its share of the cash premium, less the
amount of the rebate (and marked net amount in full of the
cash premium), and that he would take up the policy and cancel
the contract; that the defendant company declined to do this,
and afterwards collected the check and appropriated the pro-
ceeds to its own use, and thus refused to give its agent an op-

portunity to have the contract rescinded, which, so far as it allowed a rebate, was made without authority upon the part of its agent, and in violation of the law of the State of New York, where the defendant company was incorporated. If it had given the plaintiff an opportunity to have the contract rescinded, and he had been unable to do so, then there would have been much force in the contention that the plaintiff should make good the rebate, but having refused to do this, and insisted upon retaining the benefit of the contract, it must take it as made with its burdens as well as its benefits. *Teague* v. *Maddox*, 150 U. S. 131.

Under all the circumstances of this case, notwithstanding the fact that the defendant company continued its demand upon the plaintiff to make good the amount of the rebate, the jury were warranted in finding that it had ratified the contract of insurance as made with Burruss.

We are of opinion that there is no error in the judgment complained of, and it must be affirmed.

*Affirmed.*