Syllabus.

# Staunton.

## N. B. Culbertson v. Commonwealth.

September 20, 1923.

1. Constitutional Law—*Ex Post Facto Laws—Reputation of Accused in Prosecutions for Violating the Prohibition Act—Acts of 1922, Ch. 345, Section 73.*—To construe section 73, chapter 345, of Acts of 1922, which renders competent, in a trial for violation of the prohibition laws, the general reputation of the defendant as a violator of the prohibition laws, so as to make it apply to prosecution for offenses committed before its passage, would bring it under the ban of section 58 of the Constitution of 1902, prohibiting the General Assembly from enacting any *ex post facto* law. Therefore, the statute is inapplicable to an offense committed before its enactment.

2. Constitutional Law—*Ex Post Facto Laws—Altering Rules of Evidence.*—Not every law that alters the rules of evidence is to be deemed an *ex post facto* law. To be an *ex post facto* law it must be a law which alters the rules of evidence, and receives less or different testimony than the law required at the time of the commission of the offense, in order to convict the offender. There is no such thing as a vested right in the mere rules of evidence by which admissible facts are to be established. But a statute which so changes the rules of evidence as to permit a conviction on substantive evidence less or different from that required at the time of the commission of the act on which the prosecution is founded is to that extent clearly *ex post facto* and of no effect.

3. Criminal Law—*Character in Evidence—Reputation of the Defendant.*—The Commonwealth cannot, without the aid of statute, attack the character of accused, unless he first puts it in evidence himself.

4. Intoxicating Liquors—*Evidence of Reputation of Accused—Harmful Error—Case at Bar.*—In the instant case, a prosecution for violation of the prohibition act, the alleged offense took place before the act of 1922, p. 588, became effective. The trial court admitted testimony of the general reputation of accused of being a violator of the prohibition laws. The evidence as to the guilt of defendant was conflicting.

*Held:* That the admission of this evidence constituted reversible error.

5. CONSTITUTIONAL LAW—*Ex Post Facto Laws—Rules of Evidence.*—Where a statute does not permit any fact to be introduced in evidence against the accused which could not be proved against him under the law as it stood at the time of the commission of the offense, but merely changed the rules of evidence so as to permit an already admissible fact to be proved in a different way from that in which it could have been proved at the time of the commission of the offense, it is not invalid as an *ex post facto* law.

6. CONSTITUTIONAL LAW—*Ex Post Facto Law—Rules of Evidence—Acts of 1922, Ch. 345, p. 588.*—The act of 1922, chapter 345, section 73, amending the prohibition act and allowing the introduction of testimony as to the general reputation of the accused as a violator of the prohibition act, authorizes a fact, which was not admissible at the time the crime in the instant case was committed, to be introduced in evidence in prohibition cases. It deals with a substantive fact and not with the manner in which that fact may be proved, and the admission of testimony as to the general reputation of the defendant in the instant case was error.

7. APPEAL AND ERROR—*Error in the Introduction of Evidence—Introduction of Similar Evidence—Waiver of Error by Cross-Examination—Introduction of Rebuttal Evidence.*—The mere cross-examination of a witness or the introduction of rebuttal evidence, either or both, will not constitute a waiver of an exception to testimony which has been duly taken. To constitute such a waiver the party objecting to the evidence must have gone further and introduced on his own behalf testimony similar to that to which the objection applies.

Error to a judgment of the Circuit Court of Scott county.

*Reversed.*

The opinion states the case.

*J. P. Corns, S. H. Bond,* and *W. S. Cox,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

KELLY, P., delivered the opinion of the court.

The defendant, Culbertson, was convicted on a charge of manufacturing ardent spirits.

The alleged offense was committed in January, 1922, and the case was tried in October, 1922. In the meantime the General Assembly, by an act which became effective June 18, 1922, added the following amendment to the prohibition law:

"It shall be competent in a prosecution for any offense against the prohibition law of the State to prove the general reputation of the defendant as a violator of the prohibition law." (Acts 1922, page 588, sec. 73.)

The Commonwealth, over the objection of the defendant, was allowed to introduce five witnesses who testified that he had the general reputation of being a violator of the prohibition law (laws 1918, p. 578). The sole question presented for our decision is whether the court erred in admitting this testimony.

[1] The position of the defendant is that to construe the above recited amendment to the prohibition law so as to make it apply to prosecution for offenses committed before its passage, brings it under the ban of section 58 of the Virginia Constitution, prohibiting the General Assembly from enacting any *ex post facto* law. We think this position is sound.

[2, 3] In *Calder* v. *Bull*, 3 Dall. 386, 1 L. Ed. 648, the Supreme Court of the United States, in setting forth the various classes of *ex post facto* laws, named, under the fourth class, "every law that alters the legal rules of evidence, and receives less or different testimony than the law required at the time of the commission of the offense in order to convict the offender."

This definition of one of the kinds of *ex post facto* laws has been very generally accepted as correct and followed by the courts ever since the decision in *Calder* v.

*Bull.* See Cooley's Const. Lim. (7th ed.), page 375; Minor's Syn. of Cr. Law, page 4; 12 Am. & Eng. Ency. L. (2d ed.), p. 531; 6 R. C. L., p. 290, sec. 276; 12 Corpus Juris, p. 1097, sec. 803.

The definition above quoted from *Calder* v. *Bull* has sometimes been misconstrued and misapplied. Not "every law that alters the rules of evidence" is to be deemed an *ex post facto* law within the meaning of that definition. It must be a law which alters the rules of evidence "*and* receives less or different testimony than the law required at the time of the commission of the offense in order to convict the offender." There is no such thing as a vested right in the mere rules of evidence by which admissible facts are to be established. Cooley's Const. Lim. (7th ed.), p. 524. But a statute which so changes the rules of evidence as to permit a conviction on substantive evidence less or different from that required at the time of the commission of the act on which the prosecution is founded is to that extent clearly *ex post facto* and of no effect. The 1922 amendment to the prohibition law above set out did not merely change the rules of evidence. It did not deal merely with a question of procedure. It did not relate merely to the method of proving an already admissible fact. What it actually did was to render admissible as substantive evidence against the defendant a fact— namely, his general reputation as a violator of the law— which could not have been proved against him at all at the time of the alleged crime. That the Commonwealth could not, without the aid of this statute, attack his character unless he first put it in evidence himself is a proposition too well established to require any citation of authority in its support.

[4] The great weight likely to be given to such evi-

dence is well pointed out by Professor Wigmore in section 194 of the first volume of his book on Evidence, and we are clearly of opinion that the statute as construed and applied by the circuit court so changed the rules of evidence as to permit the defendant to be convicted on less or different testimony than the law required at the time of the commission of the alleged crime, and that such a construction, therefore, constituted reversible error. The evidence as to the guilt of the defendant was conflicting, and we cannot say that the testimony in question did not affect the verdict.

[5, 6] The case of *Thompson* v. *Missouri*, 171 U. S. 380, 18 Sup. Ct. 922, 43 L. Ed. 204, relied on by the Attorney-General is not in conflict, as we think, with the views herein expressed. In that case one of the *issues of fact* was as to the authorship of a certain prescription for strychnine and a certain letter. If these papers were written by the accused they were clearly admissible in evidence. The case was twice tried. On the first trial the genuineness of the writings was sought to be established by proof which on appeal was held by the Supreme Court of Missouri to be inadmissible. Subsequently, and before the next trial, the General Assembly of Missouri passed an act (Laws 1895, p. 284) rendering admissible for the purpose of proving the genuineness of a writing the kind of proof which had been held inadmissible on the appeal above mentioned. At the second trial, under the authority of the act just cited, the same character of evidence was admitted to prove the genuineness of the writings in question as in the first trial, and the defendant was again convicted. Upon appeal to the Supreme Court of the United States, it was held that the act of the General Assembly of Missouri was not an *ex post facto* law, for the reason it merely changed the rules of evidence so as to permit a,

fact which was clearly admissible at the time of the commission of the crime to be proved by a different form of evidence from that which was admissible without the aid of the statute. In other words, the law which was there sustained did not permit *any fact* to be introduced in evidence against the accused which could not have been proved against him under the law as it stood at the time of the commission of the crime, but merely changed the rules of evidence so as to permit an already admissible fact to be proved in a different way from that in which it could have been proved at that time. The 1922 amendment to the prohibition law, on the other hand, authorizes *a fact* which was not admissible at the time the crime here involved was committed to be introduced in evidence in prohibition cases. It deals with a substantive fact and not with the manner in which that fact may be proved, and this distinguishes the statute in the instant case from the statute which was dealt with in the case of *Thompson* v. *Missouri, supra.*

[7] It is argued on behalf of the Commonwealth that the objection to the testimony in question was waived by the accused when he cross-examined the witnesses who gave such testimony, and introduced testimony himself to the contrary. The cases of *Snarr* v. *Commonwealth,* 131 Va. 814, 818, 109 S. E. 590, and *Hutchinson* v. *Commonwealth,* 133 Va. 710, 717, 112 S. E. 624, are cited in support of this contention. We have never held that the mere cross-examination of a witness or the introduction of rebuttal evidence, either or both, will constitute a waiver of an exception to testimony which has been duly taken. To constitute such a waiver the party objecting to the evidence must have gone further and introduced on his own behalf testimony similar to that to which the objection applies. *Snarr* v. *Common-*

*wealth, supra; New York Life Ins. Co.* v. *Taliaferro,* 95 Va. 522, 28 S. E. 879; *Moore Lumber Co.* v. *Walker,* 110 Va. 775, 67 S. E. 374, 19 Ann. Cas. 314.

The judgment complained of will be reversed and the case remanded to the circuit court for a new trial to be had not in conflict with the views herein expressed.

*Reversed.*