# Richmond

MARVIN FORTUNE SAUNDERS, JR. v. COMMONWEALTH OF VIRGINIA.

November 30, 1970.

Record Nos. 7352 and 7353.

Present, All the Justices.

*Joseph P. Kilgore,* for plaintiff in error in Record Nos. 7352 and 7353.

*Anthony F. Troy, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error in Record Nos. 7352 and 7353.

CARRICO, J., delivered the opinion of the court.

Upon his trial for burglary and grand larceny, Marvin Fortune Saunders, Jr., the defendant, was convicted by the jury, and his punishment was fixed at three years in the penitentiary on each charge. To the final order approving the verdicts and imposing the sentences, the defendant was granted writs of error.

The sufficiency of the evidence to convict is not questioned on appeal, so a detailed narrative is not necessary. Suffice to say, it was shown that on January 13 or 14, 1969, the defendant and two accomplices traveled from their homes in Washington, D. C., to Wingina in Nelson County, Virginia. There they broke and entered

a building housing a store and post office and stole money and goods totaling $161.00 in value.

The defendant contends that his convictions should be reversed because the trial court erred in admitting evidence of and permitting reference to his involvement in criminal offenses other than the ones for which he was being tried. The incidents of which the defendant complains involved a car theft in Arlington County, "a bank robbery" in the town of Scottsville, burglaries in the counties of Albemarle and Fluvanna, and the shooting out of a deputy sheriff's tire during a chase in Fluvanna County.

The defendant argues that "as a general rule evidence showing the commission of other crimes is not admissible," citing *Rees* v. *Commonwealth*, 203 Va. 850, 868, 127 S.E.2d 406, 418 (1962), *cert. denied*, 372 U.S. 964 (1963). Conceding that there are exceptions to the general rule, he maintains that the evidence used against him did not come under any of those exceptions and, therefore, was admitted improperly.

The difficulty with the defendant's position is that the record he has brought us does not permit the determination that reversible error was committed in the court below. In some of the instances of which he complains, he either failed to make any objection, or he failed to state his grounds when he did object. In other instances, he himself injected into the trial reference to other offenses both by his own questioning of witnesses and by challenging the Commonwealth "to prove" his involvement in "stealing a car" in Arlington County and in "a bank robbery" in Scottsville.

Under these circumstances, the defendant will not be heard to complain. We have said repeatedly that we will not consider error unless proper and timely objection is taken thereto and the grounds of objection are stated with reasonable certainty. Rule 1:8, Rules of Court; *Baughan* v. *Commonwealth*, 206 Va. 28, 30-31, 141 S.E.2d 750, 753 (1965); *Clinton* v. *Commonwealth*, 204 Va. 275, 278-79, 130 S.E.2d 437, 440-41 (1963), *rev'd. on other grounds*, 377 U.S. 158 (1964). Nor will we notice error which has been invited by the party seeking to take advantage thereof on appeal. *Clark* v. *Commonwealth*, 202 Va. 787, 791, 120 S.E.2d 270, 273 (1961); *Hundley* v. *Commonwealth*, 193 Va. 449, 454, 69 S.E.2d 336, 339 (1952).

We do not overlook the fact that Rule 1:8 contains an exception which permits us to consider error, notwithstanding the lack of proper objection, in order "to attain the ends of justice." But the exception

should be applied only where the requirements of Rule 1:8 alone stand in the way of reaching the alleged error. If there is a substantive rule of law barring reversal in any event, the exception need not be invoked, since the ends of justice are attained by the application of such substantive rules in a given case.

There is applicable to this case a substantive rule of law which renders irreversible the judgment of the trial court. The rule is that where an accused unsuccessfully objects to evidence which he considers improper and then on his own behalf introduces evidence of the same character, he thereby waives his objection, and we cannot reverse for the alleged error. *Snead* v. *Commonwealth*, 138 Va. 787, 801-02, 121 S.E. 82, 86 (1924); *Culbertson* v. *Commonwealth*, 137 Va. 752, 757-58, 119 S.E. 87, 88 (1923); *Hutchinson* v. *Commonwealth*, 133 Va. 710, 716-17, 112 S.E. 624, 626 (1922); *Snarr* v. *Commonwealth*, 131 Va. 814, 818-19, 109 S.E. 590, 592 (1921).

This is precisely what occurred here. After reference had been made during the Commonwealth's case to several of the other crimes, the defendant introduced evidence that he had been arrested for escaping jail and had been tried and sentenced for unlawful flight to avoid prosecution. Not only that, he then turned all the evidence of other offenses to his own advantage, as was made plain by the oral argument of his counsel before this court.

In argument, counsel conceded that his tactics in the trial court were to use the evidence of other offenses "to put into the mind of the jury" the notion that the defendant already had "a lot of time" so that the jury would "take it easy on him" and not "give him too much in this one." Counsel admitted that his maneuver had been successful, considering the lightness of the sentences imposed upon the defendant.

The judgment of the trial court will be affirmed.

*Affirmed.*