COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


ERRICK LEE MITCHELL

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1373-01-3       JUDGE ROSEMARIE ANNUNZIATA
                                      SEPTEMBER 24, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                   Joseph W. Milam, Jr., Judge

            Mark T. Williams (Williams, Morrison,
            Light and Moreau, on brief), for appellant.

            Michael T. Judge, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     On March 19, 2001, the circuit court convicted Errick Lee

Mitchell of unlawful wounding, in violation of Code § 18.2-51,

and sentenced him to five years in the penitentiary, with one

year suspended.  On appeal, Mitchell contends:  (1) the trial

court erred in allowing a police officer to testify to the

out-of-court identification by the victim, arguing that the

testimony constituted inadmissible hearsay; and (2) the

erroneous ruling was not harmless error.  For the following

reasons, we affirm his conviction.

_____

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## Background

On appeal, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below, together with all reasonable inferences that may be drawn from it.  Ortega v. Commonwealth, 31 Va. App. 779, 786, 525 E.E.2d 623, 627 (2000) (citing Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (additional citation omitted)).

On November 18, 2000, Denise Farmer was visiting the home of Roscoe Harris.  During the early hours of November 19th, Mitchell arrived at the house and asked to speak with Farmer.  Mitchell and Farmer stepped outside, and an argument ensued.  Mitchell then pulled a box cutter out of a case and cut Farmer across her left arm.  She tried to go back inside the house but Mitchell threatened to cut her again.

Farmer told Mitchell that he had cut her "real bad."  Mitchell wrapped Farmer's wound in a sheet and accompanied her to the hospital.  Upon arrival at the hospital, Mitchell instructed Farmer to go inside alone.  He waited outside.  Police Officer Jacob Sparks questioned Farmer at the hospital about her wound and the circumstances surrounding its infliction.  Farmer told him that Mitchell had cut her and was waiting outside.  Officer Sparks brought Mitchell into the hospital and asked Farmer if he was the individual who had cut her.  Farmer responded that he was.

-

At trial, Farmer testified on direct examination that Mitchell was the individual who had cut her with the box cutter. Over Mitchell's hearsay objection, Officer Sparks testified that, when he brought Mitchell into the hospital, he asked Farmer if Mitchell "had anything to do with her [injury]." Officer Sparks testified that Farmer responded, "That's the man who cut me." After he objected to Officer Sparks' testimony, Mitchell testified about the officer's conversation with Farmer, and stated Farmer identified him in response to Officer Sparks' question.

## Analysis

Mitchell argues on appeal that we should reverse his conviction because the trial court admitted inadmissible testimony from a police officer regarding an out-of-court identification by the victim. He contends that the testimony is only admissible as rebuttal evidence when the in-court identification is equivocal. See Niblett v. Commonwealth, 217 Va. 76, 82-83, 225 S.E.2d 391, 395 (1976). Since the victim made an unequivocal in-court identification of Mitchell at trial and no challenge to this identification was raised, Mitchell argues the police officer's testimony of the out-of-court identification was inadmissible. Finally, the Commonwealth asserts than any error in the admissibility of the officer's testimony was harmless. We find that Mitchell waived his

-

objection to the Commonwealth's hearsay evidence and affirm on that ground.

When "an accused unsuccessfully objects to evidence which he considers improper and then on his own behalf introduces evidence of the same character, he thereby waives his objection." Saunders v. Commonwealth, 211 Va. 399, 401, 177 S.E.2d 637, 638 (1970); see also Hubbard v. Commonwealth, 243 Va. 1, 9, 413 S.E.2d 875, 879 (1992) (waiving the appellant's objection to Commonwealth's reconstructed opinion evidence of vehicle's speed because appellant submitted similar reconstructed opinion evidence).

Here, Mitchell waived any objection he had to the Commonwealth's out-of-court identification hearsay evidence since he introduced the same evidence in his own testimony. Mitchell testified that the police officer asked the victim, "Do you recognize . . . do you know him" and that she had stated, "Yeah that's the guy who cut me." Having testified to the same hearsay statement that he objected to, Mitchell thus waived his objection to the evidence. See id.

Affirmed.