COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


DEONNE LAMONN BOONE

                                               MEMORANDUM OPINION[*] BY
v.        Record No. 0055-09-1        JUDGE RUDOLPH BUMGARDNER, III
                                               FEBRUARY 2, 2010

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                              Joseph A. Leafe, Judge

               B. Thomas Reed for appellant.

               Karen Misbach, Assistant Attorney General II (William C. Mims,
               Attorney General, on brief), for appellee.


        Deonne Lamonn Boone appeals his conviction of malicious wounding while part of a mob,

Code § 18.2-41, and aggravated malicious wounding, Code § 18.2-51.2.  He maintains the trial

court erred in denying his motion to suppress an admission to jail personnel that he was a gang

member.  Finding that the statement was never introduced against him, we affirm.

        The defendant and three others were arrested on February 5, 2008, for a gang-related

beating of a member of the Crips gang.  The defendant was arrested for malicious wounding

while part of a mob, Code § 18.2-41.  He was later indicted on June 4, 2008, for aggravated

malicious wounding, Code § 18.2-51.2, and criminal street gang participation, Code § 18.2-46.2.

        Shortly after their arrest, deputies who worked in the jail's Security Threat Unit

interviewed the defendant and two of his associates.  The Security Threat Unit was responsible

for safety within the city jail.  The officer in charge of the security unit testified about the

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

problems the jail faced in housing gang members. He explained the precautions taken to avoid housing rival gang members together or housing too many members of one gang together. During his interview with the Security Threat Unit deputies, the defendant acknowledged that he was a member of the "Bounty Hunter Bloods," or "BHB," which was a unit of the Bloods Gang.

The defendant moved to suppress his admission that he was a gang member because he had not received Miranda warnings. After a pretrial hearing on the motion, the trial court denied the motion to suppress. At a joint bench trial of the defendant and his three associates, the trial court found the defendant guilty of malicious wounding while part of a mob, and aggravated malicious wounding, but dismissed the charge of criminal street gang participation.

The defendant contends that the Security Threat Unit should have given him Miranda warnings before questioning him about his gang membership. He maintains the questions about gang affiliation did not fall within the "routine booking exception" permitted by Pennsylvania v. Muniz, 396 U.S. 583 (1990). However, at trial the Commonwealth never introduced the evidence that the defendant wanted suppressed. During oral argument, the defendant conceded that fact. In addition, the trial court acquitted the defendant of the only offense that required proof of gang membership.

During its case-in-chief, the Commonwealth never elicited any testimony regarding the defendant's admission that he was a gang member. Sergeant McInnis testified that defendant's codefendants, Reon Epps and Deontae Poole, admitted gang membership and had tattoos indicating their gang affiliation. However, Sergeant McInnis did not mention the defendant's statement of gang membership. The first time that statement was mentioned was during cross-examination when defense counsel asked about the interview and his client's admission.[1]

---

[1] Defense counsel engaged in the following colloquy with Sergeant McInnis:

> Q: Do you recall Mr. Boone telling you that he was not a Blood?

"Where on a trial a party takes a step or adopts a course directly inconsistent with an exception previously taken by him to some ruling of the trial court, he will be deemed to have waived such exception and cannot take advantage of it upon an appeal or writ of error."

---

A: No.

Q: You don't recall that?

A: No.

Q: You recall him telling you that he did not want to be put in with Crips?

A: Yeah. I do recall that.

\* \* \* \* \* \* \*

Q: And do you recall your response being, well, if you don't want to be put in [with] Crips, then you're going to tell me you're Blood?

A: No.

Q: You have two pieces of paper, one notice security threat, correct?

A: That's correct.

\* \* \* \* \* \* \*

Q: And that's got under investigator's comment, Inmate Boone admitted he's a Blood gang member, correct?

A: That's correct.

\* \* \* \* \* \* \*

Q: And down at the bottom what's the last sentence say?

A: Subject self-admitted to being a member of the Bloods, BHB.

Q: What is BHB?

A: Bounty Hunter Bloods.

Q: And what does that mean?

A: It's a Blood set.

Southern Ry. Co. v. Blanford, 105 Va. 373, 387, 54 S.E. 1, 6 (1906) (citation omitted). "A litigant is estopped from taking a position which is inconsistent with one previously assumed, either in the course of litigation for the same cause of action, or in dealings *in pais.* This wise and salutary policy has been repeatedly followed." Leech v. Beasely, 203 Va. 955, 962, 128 S.E.2d 293, 298 (1962). The ruling is commonly summarized as, "A man shall not be allowed to approbate and reprobate at the same time." Id. The principle applies to criminal cases as well as civil cases. See, e.g., Saunders v. Commonwealth, 211 Va. 399, 401, 177 S.E.2d 637, 638 (1970).

The defendant himself elicited the testimony about his statements to the Security Threat Unit. Thus, he waived his earlier objection to the denial of his motion to suppress. We need not reach the question of whether the trial court erred in denying the motion to suppress because a defendant may not complain on appeal of the trial court's refusal to suppress the very evidence that he elicited on his own behalf. Accordingly, we affirm his conviction.

Affirmed.