COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Kelsey and McClanahan
Argued at Chesapeake, Virginia


DERREAK LAMONTE McMILLIAN
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0455-10-1                      JUDGE ROBERT P. FRANK
                                                          MARCH 1, 2011
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                        V. Thomas Forehand, Jr., Judge

          (Jo Anne Spencer; Jo Anne Spencer, P.L.C., on brief), for appellant.
          Appellant submitting on brief.

          Donald E. Jeffrey, III, Senior Assistant Attorney General
          (Kenneth T. Cuccinelli, Attorney General, on brief), for appellee.


        Derreak Lamonte McMillian, appellant, was convicted, in a jury trial, of murder in violation

of Code § 18.2-32, use of a firearm in commission of a felony in violation of Code § 18.2-53.1, and

grand larceny in violation of Code § 18.2-95.  On appeal appellant contends the trial court abused its

discretion in admitting evidence of prior crimes to establish appellant's identity as the perpetrator of

the current offenses.  Finding no error, we affirm the three convictions.

                                     BACKGROUND

        Under settled principles, we review the evidence in the light most favorable to the

Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  That

principle requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).

On January 7, 2007, as C.D. was traveling on Interstate 664, he observed a dump truck he recognized as belonging to a friend. Suspecting that the truck was stolen, C.D. followed the truck and eventually confronted the driver after they both pulled into a truck stop. Following a brief conversation, the driver shot C.D. four times, killing him. The truck then drove away. No one at the scene was able to identify the shooter.

That same evening, Officer Jennifer Goolsby of the Chesapeake Police Department received and responded to a call regarding a stolen dump truck. She spotted the truck and followed it for a short distance before activating her emergency lights. The truck accelerated and turned abruptly onto a set of railroad tracks, traveling for approximately one quarter of a mile. Officer Goolsby could not follow the truck in her police vehicle, so she "called it in." She then noticed the truck was engulfed in flames. Appellant was eventually arrested for the instant offenses.[1]

At trial, the Commonwealth introduced evidence that appellant stole tractor-trailers from locations in Portsmouth on June 10, 2001, June 12, 2001, August 15, 2001, and November 7, 2006. Evidence also showed that appellant attempted to steal a tractor-trailer from a Portsmouth lot on August 15, 2001 and stole another tractor-trailer from a Chesapeake location on October 6, 2006. Police recovered this stolen truck after it crashed into a fence. Appellant was originally charged with destruction of property in connection with the larceny, but the property damage charge was eventually dismissed. Finally, the Commonwealth presented evidence that again on October 6, 2006, appellant and Cortez Williams stole a tractor-trailer from Chesapeake and

---

[1] Because appellant does not challenge the sufficiency of the evidence on appeal, we need not recite all the facts leading to appellant's arrest and conviction.

drove to Raleigh, North Carolina where they abandoned the vehicle. Williams testified at this trial that upon arriving in Raleigh, appellant set fire to the vehicle by igniting the interior seats with a lighter.

Appellant testified at his trial. He denied stealing the dump truck and denied shooting C.D. He testified he "love[s] 18-wheelers" and has not driven a dump truck since he was twelve years old because "they don't fit [his] taste." "I like tractor trailers," he stated. He then acknowledged that he stole the trucks from Portsmouth and Chesapeake earlier referred to by the Commonwealth:

> Q. Okay. In fact, [tractor trailers are] the only type of vehicle you have ever stolen?
>
> A. Basically.
>
> Q. All right. And you don't deny to the members of the jury that the convictions from Portsmouth and Chesapeake that they have heard about, you did?
>
> A. Yes.
>
> Q. And you stole those trucks?
>
> A. Yes.
>
> Q. You were joyriding?
>
> A. Yes.

However, appellant denied stealing the tractor-trailer from Chesapeake with Cortez Williams, driving it to Raleigh, and setting it on fire.

The jury convicted appellant of all three charges, and this appeal follows.

## ANALYSIS

Appellant's sole contention on appeal is that the trial court erred in allowing the Commonwealth to introduce evidence of appellant's prior criminal conduct. The Commonwealth responds that because appellant disputes his identity as the perpetrator, the prior

- 3 -

offenses are admissible as an exception to the general rule prohibiting admissibility of such evidence because they show a pattern of "*modus operandi*" establishing appellant's identity. In the alternative, reasons the Commonwealth, appellant waived any objections to admissibility because he introduced the same evidence he is seeking to exclude during his own testimony.

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Twine v. Commonwealth, 48 Va. App. 224, 230-31, 629 S.E.2d 714, 718 (2006) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).

While evidence of "other crimes" is generally inadmissible to prove that the accused is guilty of the crime charged, such evidence "is admissible if it tends to prove any fact in issue, even though it also tends to show the defendant guilty of another crime." Spencer v. Commonwealth, 240 Va. 78, 89, 393 S.E.2d 609, 616 (1990). It is well established that "one of the issues upon which 'other crimes' evidence may be admitted is that of the perpetrator's identity, or criminal agency . . . ." Id. (citations omitted).

> [E]vidence of other crimes, to qualify for admission as proof of modus operandi, need not bear such an exact resemblance to the crime on trial as to constitute a "signature." Rather, it is sufficient if the other crimes bear "a singular strong resemblance to the pattern of the offense charged." That test is met where the other incidents are "sufficiently idiosyncratic to permit an inference of pattern for purposes of proof," thus tending to establish the probability of a common perpetrator.

Id. at 90, 393 S.E.2d at 616 (citations omitted). Once that test is met, the trial court, in its sound discretion, weighs the probative value of the evidence against its incidental prejudice to the defendant . . . ." Id. at 90, 393 S.E.2d at 617.

- 4 -

We agree with the Commonwealth that appellant waived any objections to the prior crimes evidence, with the exception of the property damage incident and the second October 6, 2006 incident involving Cortez Williams.[2]

Waiver occurs when the objecting party "has elicited evidence dealing with the same subject as part of his own case-in-chief." Pettus v. Gottfried, 269 Va. 69, 79, 606 S.E.2d 819, 825 (2005). When this occurs, an appellate court "'cannot reverse for alleged error.'" Bynum v. Commonwealth, 28 Va. App. 451, 459, 506 S.E.2d 30, 34 (1998) (quoting Hubbard v. Commonwealth, 243 Va. 1, 9, 413 S.E.2d 875, 879 (1992)). "Some courts so hold because the error is harmless, and others because the subsequent introduction of the same evidence is a waiver of the objection. Whether it be placed upon one ground or the other, the result is the same." New York Life Ins. Co. v. Taliaferro, 95 Va. 522, 523, 28 S.E. 879, 879 (1898).

Appellant testified at his trial and admitted to stealing trucks from Portsmouth and Chesapeake. We note that he was asked specifically about the vehicles referenced earlier by the Commonwealth and he acknowledged his complicity in those crimes. Because appellant introduced evidence of "the same character" during his case-in-chief, Bynum, 28 Va. App. at 459, 506 S.E.2d at 34, he necessarily waived any objection to the Commonwealth's introduction of the same evidence of stealing tractor-trailers on June 10, 2001, June 12, 2001, August 15, 2001, October 6, 2006, and November 7, 2006, as well as his attempt to steal a tractor-trailer on August 15, 2001. Appellant denied any involvement in the theft and subsequent arson of the stolen truck on October 6, 2006, and we therefore conclude that he did not waive his objection to the introduction of that testimony. Additionally, appellant did not address the destruction of

---

[2] Specifically, appellant waived his objection to the admissibility of the evidence, as well as his objection as to whether the probative value of the evidence, if admissible, outweighed its prejudicial value.

property incident involving the damaged fence, so we conclude he did not waive his objection to the introduction of that evidence.

October 6, 2006 Offense

The only remaining issues for our consideration are whether the prior crimes committed with Cortez Williams on October 6, 2006 and the property damage evidence were sufficiently similar to the current offense to be admissible as identification evidence, and if so, did its probative value outweigh its prejudicial value?[3]

Regarding the evidence involving Cortez Williams, we conclude that although the two crimes were not identical, the similarities between appellant's prior grand larceny and the instant offense are sufficiently idiosyncratic to justify admission of the challenged "other crimes" evidence. Both crimes involve stealing a large commercial vehicle located in Chesapeake, and in both cases appellant set fire to the truck immediately before abandoning it. Setting fire to a vehicle is a deliberate, unique act unassociated with the usual practice of stealing vehicles. Because of the uncommon similarities of the two crimes, the evidence tended to show that the same individual committed both.

We further believe that the probative value of Cortez Williams' testimony was not outweighed by its incidental prejudicial impact on appellant.

"In determining whether evidence should be admitted, the trial court must apply a balancing test in assessing the probative value of the evidence and its prejudicial effect."

---

[3] The Commonwealth contends appellant waived the idiosyncratic argument because it was not sufficiently stated in his assignment of error. We read appellant's assignment of error to contain two components: 1) the trial court erred in admitting evidence that was not idiosyncratic enough to show *modus operandi*, and 2) the evidence was more prejudicial than probative. Because we find appellant's assignment of error adequately raises both issues pursuant to Rule 5A:20(c), we will address both contentions. See Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d 340, 345 (2007) (holding that because an appellant did not include an argument in his questions presented (now assignments of error), the Court would not address it on appeal).

Dandridge v. Marshall, 267 Va. 591, 596, 594 S.E.2d 578, 581 (2004). "Relevant evidence may be excluded only if the prejudicial effect of the evidence outweighs its probative value." Goins v. Commonwealth, 251 Va. 442, 461, 470 S.E.2d 114, 127 (1996). This determination is left to the sound discretion of the trial court and will be reversed on appeal only upon a showing of an abuse of discretion. Lombard v. Rohrbaugh, 262 Va. 484, 492, 551 S.E.2d 349, 353 (2001).

> In a sense, all "evidence tending to prove guilt is prejudicial" — at least from the point of view of the person standing trial. Powell v. Commonwealth, 267 Va. 107, 141, 590 S.E.2d 537, 558 (2004). Virginia law, however, intervenes only when the alleged prejudice tends to inflame irrational emotions or leads to illegitimate inferences. And even then, it becomes a matter of degree. . . . We generally defer to trial judges on this subject because they, unlike us, participate first person in the evidentiary process and acquire competencies on the subject that we can rarely duplicate merely by reading briefs and transcripts.

Thomas v. Commonwealth, 44 Va. App. 741, 757-58, 607 S.E.2d 738, 746 (other citations omitted), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

Here, the trial court implicitly found the probative value of the North Carolina offense outweighed any potential prejudice. It must be remembered the jury heard appellant admit to five grand larcenies of tractor-trailers from Chesapeake and Portsmouth. The only additional information revealed to the jury was that appellant burned the vehicle in North Carolina. We cannot say the trial court abused its discretion in admitting the evidence of appellant's conduct in North Carolina. The fact that appellant burned the vehicle was relevant, did not "inflame irrational emotions," nor did it lead to "illegitimate inferences."

Because appellant disputed his identity as the perpetrator of the instant offenses, we conclude the Commonwealth was entitled to offer evidence of the preceding October 6, 2006 crimes for purposes of linking appellant to the current offenses. We hold the trial court did not abuse its discretion in allowing Cortez Williams' testimony, and in balancing the probative value of Williams' testimony relative to any prejudicial impact on appellant.

To the extent that the property damage evidence can be considered a prior bad act, we find the error, if any, to be harmless.

When deciding whether non-constitutional error is harmless in the context of a criminal proceeding, we must apply Code § 8.01-678 that states in pertinent part:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any error committed on the trial.

The Virginia Supreme Court stated in Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001), "[i]n a criminal case, it is implicit that, in order to determine whether there has been 'a fair trial on the merits' and whether 'substantial justice has been reached,' a reviewing court must decide whether the alleged error substantially influenced the jury. If it did not, the error is harmless." The Clay Court adopted the following test for non-constitutional harmless error that was applied by the United States Supreme Court in Kotteakos v. United States, 328 U.S. 750 (1946):

> "If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. . . . If so, or if one is left in grave doubt, the conviction cannot stand."

Clay, 262 Va. at 260, 546 S.E.2d at 731-32 (quoting Kotteakos, 328 U.S. at 764-65).

We first note that the evidence of the damaged fence was inextricably linked to the first October 6, 2006 larceny because it demonstrated how police discovered and investigated the theft in which appellant admitted his involvement. As previously stated, the jury heard evidence of six prior grand larcenies, one attempted grand larceny, and one incident where appellant set

fire to a stolen truck in North Carolina.  Given the substantial evidence of prior bad acts, we find

that evidence of the damaged fence did not substantially influence the jury and its admission was

therefore harmless.

CONCLUSION

For the foregoing reasons, we find the trial court did not err in admitting evidence of

prior crimes to establish appellant's identity.  Accordingly, appellant's convictions are affirmed.

Affirmed.