UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Chafin, Malveaux and Senior Judge Frank
Argued at Norfolk, Virginia


ABDUL HAKIM GRANT

MEMORANDUM OPINION[*] BY
v.       Record No. 1473-15-1          JUDGE TERESA M. CHAFIN
                                        OCTOBER 11, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
W. Richard Savage, III, Judge Designate

Elisabeth N. Culpepper, Assistant Public Defender (James S.
Ellenson, Assistant Public Defender, on brief), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


At the conclusion of a jury trial held in the Circuit Court of Southampton County, Abdul

Hakim Grant was convicted of possession of a firearm by a convicted felon in violation of Code

§ 18.2-308.2, reckless handling of a firearm in violation of Code § 18.2-56.1, and discharge of a

firearm in a public place in violation of Code § 18.2-280.  On appeal, he contends that the circuit

court erred by denying his motion for a mistrial following the improper admission of hearsay

testimony.  For the reasons that follow, we conclude that Grant waived this issue by failing to

timely move for a mistrial, and we affirm the trial court's decision on that basis.

I.  BACKGROUND

"In accordance with established principles of appellate review, we state the facts in the

light most favorable to the Commonwealth, the prevailing party in the trial court[, and] accord

the Commonwealth the benefit of all inferences fairly deducible from the evidence."  Riner v.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

<u>Commonwealth</u>, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). So viewed, the evidence is as follows.[1]

Grant's convictions arose from a shooting incident that occurred outside an apartment building in Franklin, Virginia. Lacontis Murphy, a resident of the building, saw Grant shooting a firearm at another individual during the early morning hours of August 23, 2014. When Murphy called the police during the shooting, Grant ran away from the building. He was eventually arrested and charged with the aforementioned offenses. At Grant's trial, Murphy testified that she knew Grant from previous encounters and that she was certain that he was shooting a small black firearm in the parking lot of her apartment building on the night in question.[2]

Sergeant Todd Lyons of the Franklin Police Department testified that he responded to Murphy's report of gunfire. Lyons explained that, among other things, he searched the parking lot for shell casings and other signs of recent gunfire. In addition to finding eight shell casings, Lyons observed a hole in the back window of a vehicle parked in the parking lot.

---

[1] Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

[2] Grant's sole assignment of error erroneously refers to the testimony of Lacontis Murphy rather than the testimony of Sergeant Lyons. His assignment reads, "The trial court erred in not granting appellant's motion for a mistrial because the curative instruction given by the trial court was not adequate to cure the prejudice caused by *Lacontis Murphy's* testimony." (Emphasis added). Grant moved for a mistrial based on hearsay statements elicited during Lyons's testimony rather than Murphy's testimony, and the circuit court's curative instruction addressed those hearsay statements. While we are mindful that "litigants are required to identify with specificity the error committed by the trial court," <u>Findlay v. Commonwealth</u>, 287 Va. 111, 115, 752 S.E.2d 868, 871 (2014), this error is not dispositive in this case in light of our conclusion that Grant waived the issue raised in the assignment of error by failing to timely move for a mistrial.

Grant asked Lyons several questions about the hole in the vehicle on cross-examination.[3] When he asked Lyons if he could determine whether the hole "was fairly recent," Lyons replied, "Yes, because the owner of the vehicle told me it wasn't there before." Grant immediately objected to this testimony on hearsay grounds.[4]

Following his objection, Grant proceeded with his cross-examination of Lyons. The Commonwealth then briefly questioned Lyons about the shell casings that he found in the parking lot and the hole in the vehicle. Although Grant objected to Lyons's testimony concerning how long the shell casings had been in the parking lot, he did not object to his testimony about the hole in the vehicle.[5] Following the Commonwealth's redirect examination, Grant asked Lyons additional questions about the evidence he collected from the parking lot.

Grant moved for a mistrial at the conclusion of his recross-examination of Lyons, arguing that Lyons had purposefully injected inadmissible hearsay statements from the owner of the vehicle into his testimony to establish that a shooting had recently occurred in the parking lot of the apartment building. The circuit court denied the motion, noting that Grant had opened the door to Lyons's testimony about the hole in the vehicle by asking him whether he knew if the hole in the vehicle was recently made.[6] After denying the motion, however, the circuit court

---

[3] We note that the attorney representing Grant in the present appeal did not represent him at trial.

[4] While the trial transcript failed to indicate the circuit court's initial ruling on Grant's hearsay objection, the circuit court expressly indicated that it had sustained the objection when it gave a curative instruction concerning the hearsay testimony.

[5] Although Grant's attorney initially objected when the Commonwealth asked Lyons to describe the hole in the vehicle, she immediately withdrew this objection. Furthermore, she did not specify the grounds for the withdrawn objection in the record.

[6] "The principle is long standing in Virginia that an appellate court will not 'notice error which has been invited by the party seeking to take advantage thereof on appeal.'" McBride v. Commonwealth, 44 Va. App. 526, 529, 605 S.E.2d 773, 774 (2004) (quoting Saunders v.

instructed the jury to disregard the challenged hearsay statements from the owner of the damaged vehicle.

At the conclusion of Grant's trial, the jury convicted him of the charged offenses. This appeal followed.

## II. ANALYSIS

Under Code § 8.01-361, a trial court may declare a mistrial and discharge a jury when there is a "manifest necessity" to do so. See Code § 8.01-361. The decision to declare a mistrial lies within the discretion of the trial court, and is based on the consideration of the particular facts and circumstances of the case. See Blanton v. Commonwealth, 280 Va. 447, 455, 699 S.E.2d 279, 284 (2010). "[A] trial court's denial of a motion for a mistrial will not be reversed on appeal unless there exists a manifest probability as a matter of law that . . . improper evidence prejudiced the accused." Bennett v. Commonwealth, 29 Va. App. 261, 273-74, 511 S.E.2d 439, 445 (1999) (quoting Mills v. Commonwealth, 24 Va. App. 415, 420, 482 S.E.2d 860, 862 (1997)).

Before we review whether an error sufficiently prejudiced an appellant to a degree requiring the declaration of a mistrial, we must first determine whether a timely motion for a mistrial was made during the trial proceedings. See Lewis v. Commonwealth, 211 Va. 80, 83, 175 S.E.2d 236, 238 (1970). The Supreme Court has repeatedly explained that "if a defendant wishes to take advantage on appeal of some incident he regards as objectionable enough to warrant a mistrial, he must make his motion timely or else be deemed to have waived his objection." Yeatts v. Commonwealth, 242 Va. 121, 137, 410 S.E.2d 254, 264 (1991) (citations omitted). "Making a timely motion for mistrial means making the motion 'when the

_____

Commonwealth, 211 Va. 399, 400, 177 S.E.2d 637, 638 (1970)). In light of the grounds of our disposition of this case, it is unnecessary to determine whether Grant's appeal is barred under the invited error doctrine.

- 4 -

objectionable words were spoken.'" Id. (quoting Reid v. Baumgardner, 217 Va. 769, 774, 232 S.E.2d 778, 781 (1977)). Stated alternatively, "[a] motion for a mistrial must be made at the time an objectionable element is injected into the trial of the case." Tizon v. Commonwealth, 60 Va. App. 1, 13, 723 S.E.2d 260, 266 (2012) (quoting Ronald J. Bacigal, Criminal Procedure § 17:26, at 545 (2011-12)).

In the present case, Grant failed to timely move for a mistrial based on Lyons's testimony. Grant did not move for a mistrial when Lyons testified regarding the hearsay statements from the owner of the vehicle in question. Instead, he continued his cross-examination of Lyons and allowed the Commonwealth to question Lyons about the hole in the vehicle on redirect examination. He then recross-examined Lyons about the evidence that he collected at the crime scene. Thus, three additional series of Lyons's examination occurred before Grant moved for a mistrial based on the hearsay statements.

While Grant eventually moved for a mistrial based on the inadmissible statements at the conclusion of Lyons's testimony, the objectionable element had already been injected into the case at that time. Therefore, his motion for a mistrial was untimely and he has waived appellate review of the issue. See Yeatts, 242 Va. at 136-37, 410 S.E.2d at 263-64 (holding that an appellant's motion for mistrial was untimely under similar circumstances).

### III. CONCLUSION

As Grant failed to timely move for a mistrial, we conclude that he waived his appellate challenge to the circuit court's decision denying a mistrial based on Lyons's testimony. Accordingly, we affirm his convictions without reaching the merits of his case.

Affirmed.