UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Petty and Beales
Argued by videoconference

ARTHUR CARTER

MEMORANDUM OPINION* BY
v.        Record No. 1789-19-2                    JUDGE RANDOLPH A. BEALES
                                                  MARCH 2, 2021

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

James Joseph Ilijevich for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

In September 2012, appellant Arthur Carter entered into a plea agreement in which he

pled guilty to petit larceny, third or subsequent offense, a Class 6 felony.  The plea agreement

provided that the trial court would defer disposition on the charge, and, if Carter complied with

certain conditions in the following year, would reduce the charge to a misdemeanor and sentence

Carter to twelve months in jail, all suspended.  If he failed to abide by the conditions, the

agreement provided that the trial court would find Carter guilty of the felony offense and

sentence him to five years of active incarceration.  After the trial court accepted the plea

agreement and deferred the disposition, Carter committed new offenses in violation of the

agreement and later absconded for a period of approximately three years.  In 2018, when Carter

appeared again before the trial court on the deferred disposition, he moved to set aside the plea

agreement, arguing that the trial court had lacked the authority to make the deferred disposition

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

contained within the plea agreement.  The trial court denied the motion, convicted Carter of petit larceny, third or subsequent offense, and sentenced him to five years of incarceration in accordance with the plea agreement.  On appeal to this Court, Carter argues the "trial court erred in denying Carter's motion to set aside his plea agreement and to vacate the disposition continuance order on the grounds that the deferred disposition was not authorized by statute or by common law."

## I.  BACKGROUND

On September 10, 2012, Carter and the Commonwealth entered into a plea agreement, pursuant to which Carter agreed to plead guilty to the charge of petit larceny, third or subsequent offense (Code § 18.2-104), a Class 6 felony.  Carter agreed to the Commonwealth's summary of the evidence contained in the plea agreement and "stipulate[d] that the Commonwealth's evidence constitute[d] a prima facie case" of the crime.  In exchange for Carter's guilty plea, the Commonwealth agreed to recommend that the trial court "find facts sufficient to convict, but that the Court withhold findings" subject to Carter's fulfilling certain conditions.  Among others, these conditions included the requirements that Carter "keep the peace and be of good behavior" and that he "be placed on supervised probation."  Pursuant to the agreement, if Carter met all of the conditions of the plea agreement at the end of one year from the date of that agreement, the trial court would "reduce the charge to a misdemeanor violation of Petit Larceny" and "sentence the defendant to 12 months in jail suspended for a period of 5 years."  If Carter failed to meet the conditions of the plea agreement, then the agreement provided that the trial court would find him guilty of petit larceny, third or subsequent offense – the charge for which he was indicted – and sentence him to five years in the penitentiary.

At a plea hearing on September 10, 2012, in accordance with the plea agreement, Carter pled guilty to petit larceny, third or subsequent offense.  The trial court engaged in an extensive

plea colloquy with Carter. During the colloquy, Carter agreed that he had read the plea agreement thoroughly, that he understood it, and that he had discussed it with his attorney. The trial court concluded that Carter entered his plea "freely, intelligently, voluntarily, and after the advice of counsel," and accepted Carter's plea of guilty and the plea agreement. The trial court found the facts sufficient to convict Carter but did not pronounce him guilty. Instead, following the plea agreement, the trial judge stated that he would be "putting it [the disposition] off for a period of a year for a determination based upon your [Carter's] compliance with the other terms and conditions." Before concluding the hearing, the trial judge told Carter, "Three hundred and sixty-four days, Mr. Carter, you'll either be walking around free or five years in a jumpsuit. Do it. Complete it. This is an exceptional opportunity for you." Carter responded, "I will, Your Honor. . . . Thank you."[1]

On September 17, 2012, the trial court entered a "Disposition Continuance Order" summarizing the terms of the plea agreement and continuing the case until September 9, 2013.

Approximately one month later, on October 27, 2012, Carter was apprehended for committing two new offenses: driving after having been adjudged a habitual offender, subsequent offense, a felony, and misdemeanor driving under the influence of drugs or alcohol. He was indicted on the new charges in August 2013 and pled not guilty.

On September 9, 2013, Carter appeared before the trial court for the scheduled hearing on the deferred disposition. At the hearing, the Commonwealth represented that Carter had been indicted on new charges, and the parties requested that the case be continued until the outcome of those charges was determined. The trial court granted a continuance until November 13,

---

[1] In addition to accepting the guilty plea and the plea agreement, the trial court granted the Commonwealth's motion to *nolle prosequi* a charge against Carter of obtaining money or property by false pretenses.

2013, the same date that the new charges were scheduled to be tried, with the intention that all matters would be addressed at that time. On November 13, 2013, the case was again continued until February 5, 2014. On February 5, 2014, Carter failed to appear for court, and the trial court issued a "Capias/Bench Warrant" for Carter's arrest because of his failure to appear on the felony petit larceny charge and another for Carter's arrest for his failure to appear on the felony habitual offender charge.

For approximately the next three years, Carter could not be located.[2] In March 2017, Carter finally appeared again in court on the two counts of felony failure to appear. He was arraigned and pled not guilty.

On November 26, 2018, after several continuances, Carter filed a motion to set aside the plea agreement and to vacate the disposition continuance order. In the motion, Carter averred that the trial court lacked the authority to make the deferred disposition contained in the plea agreement. Following a bench trial on the other charges on the same date, Carter was found guilty of driving while a habitual offender, subsequent offense, driving under the influence, and two felony counts of failure to appear.

On May 29, 2019, the trial court heard evidence and arguments on Carter's motion to set aside the plea agreement and vacate the disposition continuance order. Carter's counsel argued that the trial court did not have the statutory or inherent authority to make the deferred disposition and that the Commonwealth and the defendant could not confer that authority on the trial court by entering into the plea agreement. The trial court concluded that it did have the

---

[2] At Carter's sentencing hearing, both his trial counsel and counsel for the Commonwealth represented to the trial court that Carter had absconded for two and a half to three years.

requisite authority based on the parties having agreed to the arrangement in the plea agreement. Consequently, the trial court denied the motion to set aside the plea agreement.[3]

On October 1, 2019, the trial court sentenced Carter to five years of incarceration for felony petit larceny, third or subsequent offense, in accordance with the plea agreement. Carter now appeals.[4]

## II. ANALYSIS

On appeal to this Court, Carter argues, "The trial court erred in denying Carter's motion to set aside his plea agreement and to vacate the disposition continuance order on the grounds that the deferred disposition was not authorized by statute or by common law." He contends that the trial court lacked the authority to accept the plea agreement which called for the deferred disposition because no statute authorized the trial court to defer a finding of guilt in this case and because "the trial court did not possess inherent authority to reduce or dismiss a charge where the evidence proved guilt beyond a reasonable doubt." We do not reach the merits of Carter's assignment of error, however, because Carter clearly invited the alleged error by asking the trial court to make the same deferred disposition that he now argues the trial court lacked the authority to make.

---

[3] The trial court also denied a motion made by Carter to withdraw his guilty plea based on Carter's contention that he was "heavily addicted to cocaine at the time he entered his plea in September of 2012" and that his addiction affected his ability to make proper decisions with respect to the plea agreement. Carter also claimed that his attorney gave him bad advice regarding the plea agreement. However, Carter did not appeal the trial court's denial of his motion to withdraw his guilty plea. Therefore, we do not address it on appeal.

[4] Carter also petitioned this Court for an appeal of his convictions for driving after having been adjudged a habitual offender, subsequent offense, and driving under the influence of drugs or alcohol. However, this Court did not grant his assignments of error regarding those convictions. Therefore, they are not before us in this appeal.

The Supreme Court of Virginia has stated, "No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate—to invite error . . . and then to take advantage of the situation created by his own wrong." Powell v. Commonwealth, 267 Va. 107, 144 (2004) (omission in original) (quoting Fisher v. Commonwealth, 236 Va. 403, 417 (1988)). See also Alford v. Commonwealth, 56 Va. App. 706, 709 (2010) ("Under settled principles, a criminal defendant cannot 'approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong.'" (quoting Rowe v. Commonwealth, 277 Va. 495, 502 (2009))). Moreover, a "defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position." Brown v. Commonwealth, 37 Va. App. 507, 519 (2002) (quoting Clark v. Commonwealth, 220 Va. 201, 214 (1979)).

Here, Carter signed the plea agreement setting out the deferred disposition and invited the trial court to accept it. At the time that Carter requested that the trial court accept the plea agreement, it was, as the trial court stated, an "exceptional opportunity for" Carter. The plea agreement allowed Carter the opportunity to have a felony offense reduced to a misdemeanor and to serve no active jail time. It was not until approximately six years later – after Carter had violated the terms and conditions of the plea agreement and the trial court's disposition continuance order by committing new offenses and after he had absconded for approximately three years – that Carter challenged the trial court's authority to defer the disposition. Therefore, even assuming without deciding that the trial court erred in accepting the plea agreement and deferring the disposition, Carter invited what he now claims to be error. Consequently, he cannot now seek to take advantage of that alleged error simply because the bargain he sought and made no longer works to his benefit. The Supreme Court has stated, "We will not 'notice error

which has been invited by the party seeking to take advantage thereof on appeal.'" Muhammad v. Commonwealth, 269 Va. 451, 525 (2005) (quoting Saunders v. Commonwealth, 211 Va. 399, 400 (1970)). Consequently, Carter waived his argument regarding whether the trial court had authority to defer the disposition, and we therefore do not disturb Carter's conviction for petit larceny, third or subsequent offense.[5]

## III. CONCLUSION

In short, Carter invited the alleged error that he now challenges. Carter requested that the trial court accept the plea agreement and defer the disposition in accordance with the terms of that agreement. The deferred disposition provided Carter with the opportunity to have his felony charge reduced to a misdemeanor and to serve no period of active incarceration. Carter, however, then quickly violated the terms of the plea agreement the very next month by committing new offenses and later even absconded for approximately three years. It was only after that point that Carter changed his position regarding the deferred disposition. When the agreement that he initially asked the trial court to accept no longer benefited him, he argued that the trial court never had the authority to accept the plea agreement and defer the disposition in the first place. Even assuming without deciding that the trial court lacked the authority to defer the disposition, Carter is not permitted to take advantage of an alleged error he so clearly invited. Appellate courts are supposed to decide cases on the narrowest and best grounds. See Butcher v. Commonwealth, 298 Va. 392, 396 (2020). Because Carter invited the trial court to do the very act he now claims to be error, we, therefore, do not reach the merits of his assignment of error claiming that act to be error.

---

[5] The General Assembly recently enacted Code § 19.2-298.02, a new statute concerning deferred dispositions, which went into effect on March 1, 2021. It, however, does not affect the appeal now before us because all of the relevant proceedings in this matter were completed well before March 1, 2021.

- 7 -

For all of these reasons, we affirm Carter's conviction for petit larceny, third or subsequent offense.

Affirmed.