## Richmond

RUSSELL C. HOIER, ADMINISTRATOR OF THE ESTATE OF DAVID MASON
HOIER, DECEASED v. WINSTON O. NOEL.

June 14, 1957.

Record No. 4639.

Present, All the Justices.

The opinion states the case.

*Aubrey R. Bowles, Jr. (W. P. Hay; J. Calvitt Clarke, Jr.; Bowles, Anderson & Boyd*, on brief), for the plaintiff in error.

*J. Segar Gravatt*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

On May 20, 1955, about 7:50 p. m., as Winston O. Noel was driving eastwardly along Fayette street, in the town of Farmville, his car struck two children who were riding on or playing with a tricycle in the street. David Mason Hoier, aged three, one of the children, was killed, and Ned Wright, aged four, the other child, was injured. Russell C. Hoier, administrator of the estate of the child who was killed, filed the present action for wrongful death against Noel. There was a trial before a jury which returned a verdict for the defendant, upon which the trial court entered judgment. We granted the plaintiff a writ of error. For convenience the parties will be referred to as they appeared in the trial court.

In his assignments of error the plaintiff administrator contends that (1) the verdict was contrary to the law and the evidence and should have been set aside because, he says, as a matter of law the defendant was guilty of negligence which was a proximate cause of the child's death, and (2) the court erred in the admission of improper and irrelevant evidence.

We first consider the sufficiency of the evidence to sustain the verdict. Fayette street runs east and west and is 30 feet wide from curb to curb. Going eastwardly it is intersected successively by Fourth avenue, Third avenue and Second avenue, and is slightly upgrade where the accident occurred. There are no street lights at these intersections. The Farmville High School athletic field is located at the eastern end of Fayette street, beyond Second avenue, and is illuminated by a number of high-powered lights located on poles at the eastern end of the field. These lights are focused westwardly across the field and when lit shine into Fayette street.

Noel, the defendant, was the only eyewitness who testified as to the actual collision. Called by the plaintiff as an adverse witness he gave this account of the accident: He left his home, which is on the north side of Fayette street west of Fourth avenue, about 7:50 p. m.,

for the purpose of attending a meeting of the officers of his church scheduled for 8:00 p. m. It was dark and his lights were on "high beam." He drove eastwardly along Fayette street at from 10 to 15 miles per hour with his car under complete control. Between Fourth and Third avenues the lights from the athletic field shone in his face and somewhat impaired his vision. About the middle of the block, between Fourth and Third avenues, he saw a boy whom he recognized as Johnny Hoier, a brother of the child who was killed, standing on the southern curb. He removed his foot from the accelerator and "was watching to see what he (Johnny) might do." Although he, the defendant, was looking ahead, he saw no other children in or near the street. When he had reached a point about 25 feet beyond the place where he had seen the boy on the curb, for the first time he saw Ned Wright in the street immediately in front of the car. As he described it, "I saw the child as I struck him with the car, and I do not know where they came from. They were not in the road when I looked up the road." Again, he said, the car did not run over the Wright child who "lurched forward" as he was struck by the bumper.

The defendant further testified that he brought the car to a stop within four feet and picked up Ned Wright who was lying under the right front headlight of the car, about six or eight feet from the southern curb. After putting the Wright child into the car and as the defendant was about to carry him to the hospital, a bystander found a tricycle caught in the right front bumper of the car. Then the other child, David Mason Hoier, was discovered under the car. Blood spots in the street indicated that the collision had occurred just east of the center of the block between Fourth and Third avenues.

Prior to the impact, the defendant said, he had not seen the tricycle, or either of the children who were struck, in or near the street. There is no evidence as to how or when these children went in the street, what they were doing there, or where the defendant's car was when they went there.

The plaintiff administrator testified that Johnny Hoier was seven years old at the time of the trial and had given him "his version of the accident." Although the plaintiff further testified that this boy was of "sufficient intelligence and understanding" to relate what had occurred, he, the plaintiff, did not reveal this information to his attorney because, he said, "it involved the other boy and I didn't think it should be brought to light." Consequently, Johnny Hoier was not

called as a witness nor was he present at the trial.

The plaintiff's argument before us, that the defendant was as a matter of law guilty of negligence which was a proximate cause of the accident, amounts to this: The defendant, in testifying and trying to account for the accident, said: "I still cannot see why I could not have seen those children if they were in the street at that time;" the physical fact that the children were struck in the street shows that they were there "at that time;" therefore, the defendant was negligent in not seeing and avoiding striking them.

Moreover, the plaintiff argues, the defendant cannot excuse his failure to observe the children by saying that his vision was impaired by the lights from the athletic field, because, it is said, he admitted that he 'frequently drove along the street, was well aware of this condition, and was, therefore, required to exercise greater care commensurate with the situation.

The ready answer to the plaintiff's first contention is that mere proof of the collision does not establish negligence on the part of the defendant driver. The burden was on the plaintiff to show that the children were in the street a sufficient time before the collision, and a sufficient distance ahead of the car, for the defendant, in the exercise of ordinary care, to have seen them and avoided striking them. But, as has been said, there is no evidence as to when the children went in the street, how they got there, or where the defendant's car was when they went there.

Furthermore, the plaintiff's own testimony puts him in the unenviable position of charging the defendant with negligence when he, the plaintiff, withheld evidence which might very well have shown that the collision was not the fault of the defendant. In this situation, the presumption is that such evidence, if produced, would have been adverse to the plaintiff. 7 Mich. Jur., Evidence, § 24, pp. 354-355.

As to the second contention, it was for the jury to say whether the defendant was exercising ordinary care in driving along the street where, as he said, his vision was impaired by the lights ahead. He testified that he was proceeding at not more than 15 miles per hour and had his car under control. That he was able to bring his car to a stop within four feet of the impact confirms that testimony. By their verdict the jury have accepted this evidence as true.

The record discloses that the issues were submitted to the jury on instructions which were not objected to. The defendant's testimony as to how the accident occurred is not incredible and has been ac-

cepted by the jury. This testimony, the other evidence, and the related circumstances amply support the finding that the defendant was free of negligence which was a proximate cause of the accident.

In his second assignment of error the plaintiff claims that the trial court committed prejudicial and reversible error in permitting two witnesses to testify that the defendant customarily or ordinarily drove in a careful manner. When George S. Crowder, a police officer, so testified, the plaintiff objected and the objection was overruled. However, when Otto Overton, the town's chief of police, testified to the same effect there was no objection, which indicated that the plaintiff did not desire to press his objection to such testimony.

But that is not all. The plaintiff joined issue, so to speak, on the manner in which the defendant customarily drove and in rebuttal offered the testimony of two witnesses who said they lived in the neighborhood where the accident occurred and had observed the manner in which the defendant drove. One witness said: "It was a topic of conversation in the neighborhood that Mr. Noel drove entirely too fast." The other witness said that she had "many times" observed that he drove "in a fast manner" along Fayette street.

It is well settled in this jurisdiction that a party waives an objection to evidence, claimed to be irrelevant, by introducing the same character of evidence himself. Consequently, he may not on appeal complain that the opposing party was allowed to introduce evidence which was inadmissible and irrelevant to the issues before the trial court where he has introduced evidence on the same subject. See *Southern Railway Co. v. Blanford's Adm'x*, 105 Va. 373, 387, 54 S. E. 1; *Southern Railway Co. v. Hansborough's Adm'x*, 107 Va. 733, 737, 60 S. E. 58; *Adams v. Ristine*, 138 Va. 273, 289, 122 S. E. 126, 31 A. L. R. 1413; *Swersky v. Higgins*, 194 Va. 983, 985, 76 S. E. 2d 200, 202. See also, 89 C. J. S., Trial, § 661, pp. 505-506; 3 Am. Jur., Appeal and Error, § 873, p. 419.

For these reasons the judgment is

*Affirmed.*