UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges O'Brien, AtLee and Athey
Argued at Lexington, Virginia


JAMES PARNELL PEAKS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0995-18-3                      JUDGE RICHARD Y. ATLEE, JR.
                                                    OCTOBER 8, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CARROLL COUNTY
Brett L. Geisler, Judge

Edgar H. DeHart, Jr. for appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Following a jury trial, the Circuit Court of Carroll County convicted appellant James

Parnell Peaks of possession with intent to distribute 10 grams or more of methamphetamine

under Code § 18.2-248(C)(4).  The judge imposed a sentence of twenty-five years with three

years suspended.  On appeal, Peaks argues that the circuit court erred by allowing testimony on

prior bad acts — specifically, prior controlled purchases made by confidential informants, one of

which served as the basis for the search warrant that led to Peaks's arrest.  For the following

reasons, we find Peaks waived his objection to the admissibility of testimony on prior bad acts

and affirm.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

On appeal, we view the evidence in the light most favorable to the Commonwealth, the party who prevailed before the circuit court. Clanton v. Commonwealth, 53 Va. App. 561, 564 (2009) (*en banc*).

Peaks was arrested after law enforcement executed a search warrant of his residence and found methamphetamine both in his home and on Peaks's person, as well as distribution paraphernalia in the home. The circuit court permitted Investigator Chuck L. Edwards (who was also qualified by the circuit court as an expert in drug investigation at trial) to testify about prior purchases made by confidential informants from Peaks, over defense objection. He explained that three controlled buys had taken place in the previous three to four months. Edwards explained that law enforcement obtained a warrant to search Peaks's residence based on these purchases. Peaks and numerous other people were at the house when the police arrived. During the search, the police found packaged methamphetamine, digital scales, baggies, and currency. When searching Peaks's person, the police found a bag containing 6.2 grams of methamphetamine in his pocket and placed him under arrest.

Peaks testified on his own behalf. He explained that he had been addicted to drugs since about 2012 and allowed two females to live in the house and deal drugs there in exchange for free drugs. He said he did not know many of the people present in his home at the time of the search and that they were there "partying." He admitted during his case-in-chief that he had sold drugs in the past, but not on the day of the search, and he maintained that the methamphetamine in his pocket was for personal use. He denied possession of any of the other drugs and distribution paraphernalia present in the home.

II. ANALYSIS

Peaks argues that the circuit court erred in permitting Investigator Edwards to testify about the three controlled buys made by a confidential informant prior to the search of Peaks's home that led to his arrest.

Generally, unless it fits within an established exception "[e]vidence of other crimes or other bad acts is excluded to protect an accused 'against unfair prejudice resulting from the consideration of prior criminal conduct in determining guilt.'" Rodriguez v. Commonwealth, 18 Va. App. 277, 280 (1994) (quoting Sutphin v. Commonwealth, 1 Va. App. 241, 245 (1985)), aff'd, 249 Va. 203 (1995); see also Va. R. Evid. 2:404(b). Here, the circuit court concluded that evidence of Peaks's prior bad acts, specifically Edwards's testimony about the previous controlled buys, was admissible. We do not consider whether that determination was erroneous, however, because Peaks's testimony about prior drug sales in his case-in-chief waived his ability to challenge the admission of such evidence. See Commonwealth v. Swann, 290 Va. 194, 196 (2015) ("The doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting McGhee v. Commonwealth, 280 Va. 620, 626 n.4 (2010))).

Independent of the limitations on the admissibility of prior bad acts evidence, "[u]nder Virginia law, a litigant waives an objection to evidence when he introduces 'evidence dealing with the same subject *as part of his own case-in-chief*.'" Isaac v. Commonwealth, 58 Va. App. 255, 260 (2011) (quoting Pettus v. Gottfried, 269 Va. 69, 79 (2005)). "Put another way, when a litigant 'unsuccessfully objects to evidence that he considers improper and then introduces on his own behalf evidence of the same character, he waives his earlier objection to the admission of that evidence.'" Id. (quoting Combs v. Norfolk & W. Ry., 256 Va. 490, 499 (1998)).

> Though explained in different ways, the practical effect of the
> principle remains clear: "Some courts so hold because the error is

harmless, and others because the subsequent introduction of the same evidence is a waiver of the objection. Whether it be placed upon one ground or the other, the result is the same."

Id. at 260-61 (quoting New York Life Ins. Co. v. Taliaferro, 95 Va. 522, 523 (1898)).

Although an exception to the waiver rule exists when such evidence is brought out through cross-examination or rebuttal, see Drinkard-Nuckols v. Andrews, 269 Va. 93, 102 (2005), this exception is not applicable here, as Peaks discussed his prior drug sales when he testified in his own defense during his case-in-chief. On direct, his attorney asked Peaks what he meant when, in a prior statement, he said, "I would also sale some to people that I knew." Peaks replied: "Well, uh, earlier, not that day[, the day of his arrest,] but earlier, I had sold some to some people . . . ."

Peaks unsuccessfully sought to exclude evidence of his having previously sold narcotics, but "then introduce[d] on his own behalf evidence of the same character," Isaac, 58 Va. App. at 260, when he testified that he had previously sold drugs. Accordingly, he waived his earlier objection to the admissibility of that evidence.

### III. CONCLUSION

We do not reach the issue as to whether the circuit court erred in admitting evidence of Peaks's prior sales of methamphetamine, because Peaks testified to having previously sold drugs during his case-in-chief. Because his testimony effectively waived his objection, we affirm the judgment of the trial court.

Affirmed.