UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Humphreys and Russell
Argued by teleconference

RONALD MOYA OBANDO

                                           MEMORANDUM OPINION* BY
v.      Record No. 1190-18-4              CHIEF JUDGE MARLA GRAFF DECKER
                                               DECEMBER 27, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stephen C. Shannon, Judge

Charles J. Swedish for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General; David M. Uberman, Assistant Attorney General,
on brief), for appellee.


Ronald Moya Obando appeals his convictions for driving while intoxicated, his fourth such

offense within ten years, and driving on a revoked operator's license while intoxicated, in

violation of Code §§ 18.2-266, 18.2-270, and 46.2-391.  On appeal, he contends that the trial

court erred by admitting hearsay testimony from a police translator.  We hold that the appellant

waived his challenge to the admissibility of this evidence.  Consequently, we affirm the

convictions.

I.  BACKGROUND[1]

In the early morning hours of July 1, 2017, Officer Angela Lentz of the Fairfax County

Police Department observed a van with its headlights on stopped for a period of time on a

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On appellate review of issues involving the admissibility of evidence, the Court views
the evidence in the light most favorable to the Commonwealth as the party who prevailed below.
See Lynch v. Commonwealth, 46 Va. App. 342, 345 (2005), aff'd, 272 Va. 204 (2006).

roadway adjacent to the police station. As she approached in her police car, she spotted a man about fifteen yards away from the van who was "walking with an unsteady gait" in "zigzag fashion." When Officer Lentz activated her emergency lights, the man ran away. Lentz checked the van, determined that no one else was inside, and radioed other officers for assistance.

Officer Sameer Khan, also of the Fairfax County Police Department, apprehended the man, later identified as the appellant, within five to ten minutes of his flight from Officer Lentz. During the course of his encounter with the appellant, Khan utilized the services of a Fairfax police officer translator, and he ultimately arrested the appellant for driving under the influence of alcohol. Khan's police car was equipped with a recording system that captured both video and audio of much of Khan's interaction with the appellant.

At the appellant's trial, Khan testified briefly about the stop and the recording. The Commonwealth then introduced the recording into evidence, and it was played for the jury in its entirety without objection from the appellant. As depicted in the recording, Officer Khan communicated with the appellant primarily "through the Spanish translation of Officer [Edwin] Leyton," but Khan and the appellant also "spoke a little bit of English with each other." During the course of the stop, Officer Khan posed questions for Leyton to ask and frequently repeated the answers that Leyton apparently received from the appellant. Khan was the only person whose words were consistently discernable in the recording, although it also contained partially discernable conversation involving the appellant and Officer Leyton.

As heard in the recording, Khan asked Leyton to question the appellant about his driving. Khan asked first "why [the appellant] parked his car" in the road. After an exchange between Leyton and the appellant, Leyton asked in English if "a lady [was] with him." After additional conversation regarding whether the appellant parked the car, Officer Leyton said, "She was driving. They stopped. She said go park the car." Officer Khan then said, "So he did park the

car there, and that was twenty minutes ago." Leyton confirmed, "He did park the car." At least three more times during the recording, Khan repeated that the appellant parked the car or said that he had done so.

A portion of the recording also included discussion about the appellant's alcohol consumption. Officer Khan asked "how much [the appellant] had to drink" that night. After an indecipherable exchange in which both Leyton and the appellant spoke, Khan said, "Two Coronas," and Leyton clarified, "Two bottles of Corona regular." Khan also inquired, "Can you ask him if he had anything to drink after he parked the car there?" Leyton said something in Spanish, and the appellant audibly replied, "No." Khan subsequently asked Leyton to inquire of the appellant how intoxicated he was on a scale of one to ten, with ten being the most intoxicated he had ever been. After an exchange between Leyton and the appellant, Khan said, "Four out of ten."

After the recording concluded, the prosecutor noted that not "everything" could be heard or seen "on the video," and he elicited additional testimony from Khan about the events. Khan testified that when the appellant was apprehended, he had "glassy eyes," smelled of alcohol, and "seem[ed] to be intoxicated." Khan further testified that when Officer Leyton arrived to translate, Khan inquired through Leyton how much alcohol the appellant had consumed. Khan repeated the information contained in the recording that the appellant stated through Officer Leyton that he had drunk "two Coronas." Khan additionally related that he had found "two partially consumed Coronas" between the van's front seats.

The prosecutor then queried Officer Khan about what the appellant said when asked "[w]hy [he] park[ed] the car" in the road. Khan began to reply, "He stated that his girlfriend—" The appellant's counsel objected that the testimony was hearsay because Khan was "trying to . . . state what the translator told him . . . was the [appellant's] response." He further noted that

- 3 -

Officer Leyton, the translating officer, was present at the courthouse. When the prosecutor replied that he would call Leyton to testify that he accurately translated the appellant's statements, the judge sustained the appellant's hearsay objection to Khan's testimony, and the prosecutor concluded his direct examination.

On cross-examination of Khan, the appellant asked him numerous questions that specifically sought hearsay responses about what the translator said in the recording. First, the appellant elicited testimony that in response to something the interpreting officer said, Khan stated, "[S]he was driving, and then she told him to park the car." The appellant further inquired of Khan, "[S]o you assumed that that was correct at that point in time?" Officer Khan replied, "Correct." In another question on cross-examination that involved hearsay contained in the recording, the appellant asked, "[A]t some point in time the interpreter told you that [the appellant] said he parked the car?" Again, Officer Khan responded, "Correct." On further cross-examination, the appellant asked how many times the interpreter said to Khan "that '[h]e said that *she was driving* the car.'" (Emphasis added). Khan said it was at least one time and perhaps more. However, Khan also testified in response to the appellant's further questioning that the appellant said that "*he parked* the vehicle." (Emphasis added).

Officer Leyton then testified in the Commonwealth's case as an expert in Spanish language translation. Leyton confirmed that he served as a translator for Officer Khan and the appellant. He said that he did not recall having any difficulty communicating with the appellant or translating what the appellant said into English for Officer Khan. However, Leyton did not "remember exactly" what was discussed and did not "watch the video . . . to refresh [his] memory."

Due to Leyton's inability to remember what he translated, the prosecutor recalled Officer Khan to the witness stand. The appellant again asserted a hearsay objection, despite having not

- 4 -

objected to the admission of the recording and having personally elicited testimony from Khan about Leyton's translation of the appellant's statements. In support of his objection, he maintained that Leyton was the only witness who could be permitted to testify to the appellant's statements. The judge overruled the objection.[2]

Following that ruling, Khan repeated some of his earlier testimony and also said that the appellant asserted at first that "he was not driving." Khan indicated that the appellant then maintained that "the lady told him to park the car there" and that "he parked the car there" twenty minutes earlier. According to Khan, the appellant said that he did "not ha[ve] anything to drink after he parked the motor vehicle." Finally, Khan said that the appellant insisted that he was not drunk but admitted that on a scale of one to ten, with one "being the least" and ten being "the most" intoxicated, he was at a four.

The appellant presented evidence in his defense. A former girlfriend testified that he was "very drunk" on the night of the offense. She said that she agreed to drive the appellant home from a party in a friend's van but ran out of gas and left the area on foot. She claimed that she returned later but the appellant and the van were gone.

The jury found the appellant guilty of driving while intoxicated, a fourth or subsequent offense, and driving on a suspended or revoked operator's license while intoxicated. He was sentenced to one year in prison for each offense.

## II. ANALYSIS

The appellant challenges the trial court's ruling admitting hearsay testimony given by Officer Khan. His assignment of error specifically asserts that the trial court erred by overruling

---

[2] The judge observed that the appellant's statements themselves were admissions against interest. He further concluded that Leyton's testimony provided a sufficient foundation for his translation of the appellant's statements.

his hearsay objection regarding what he said to the officers about two things—"driving and consuming alcohol."[3]

"[T]he determination of the admissibility of relevant evidence is within the sound discretion of the trial court subject to the test of abuse of that discretion." Adjei v. Commonwealth, 63 Va. App. 727, 737 (2014) (alteration in original) (quoting Beck v. Commonwealth, 253 Va. 373, 384-85 (1997)). However, assessing whether non-compliance with a statute, rule of court, or common law principles constitutes a waiver of the right to challenge that admissibility presents a question of law that an appellate court reviews *de novo*. See Jay v. Commonwealth, 275 Va. 510, 517 (2008); John Crane, Inc. v. Jones, 274 Va. 581, 586-87 (2007).

Key to the resolution of the issue before the Court here is the fact that the appellant's assignment of error contesting the admission of hearsay expressly pertains only to the testimony that Khan gave when the Commonwealth called him to testify a second time at trial. This objection came only *after* the recording of the full encounter was admitted into evidence and played for the jury without objection by the appellant and *after* the appellant himself elicited specific hearsay testimony from Officer Khan seeking to clarify hearsay admitted without objection in the recording.

Under settled principles, "a party can complain on appeal about his opponent's erroneously admitted evidence, [but] he cannot complain about his own. And, when his own

_____

[3] Although the appellant made a passing reference to the Confrontation Clause on brief, he agreed at oral argument that the only issue before the Court on appeal is his hearsay challenge. See Rules 5A:12(c)(1)(i), 5A:18; see also Riner v. Commonwealth, 268 Va. 296, 325 n.11 (2004) (recognizing under Rule 5:25, the Supreme Court equivalent of Court of Appeals Rule 5A:18, that a hearsay objection does not preserve a Confrontation Clause objection for appeal); Anaman v. Commonwealth, 64 Va. App. 379, 388 n.5 (2015) (applying Rule 5A:12(c)(1)(i) to reject a second-level hearsay argument because the appellant "did not include [it] within any of his assignments of error").

evidence is substantially the same as his opponent's, he can complain on appeal about neither." Isaac v. Commonwealth, 58 Va. App. 255, 263 (2011). This legal maxim is sometimes called the "same-evidence principle." Id. at 260.

The same-evidence principle applies under two main sets of circumstances. See generally Kent Sinclair, The Law of Evidence in Virginia § 2-3[c], at 126-27 (8th ed. 2018) (discussing various sets of circumstances under which waiver occurs). It applies when a party introduces evidence of the same "character" or type as the evidence to which he or she objected. Isaac, 58 Va. App. at 260 (quoting Combs v. Norfolk & W. Ry., 256 Va. 490, 499 (1998)); see, e.g., Hubbard v. Commonwealth, 243 Va. 1, 9-10 (1992) (involving "reconstructed opinion evidence of speed" where the defendant objected to the Commonwealth's expert's testimony on that subject but then introduced the same type of evidence through her own expert); Isaac, 58 Va. App. at 258-60, 263 (involving evidence of blood alcohol content (BAC) where the defendant objected to the BAC certificate admitted by the Commonwealth but then introduced his own certificate showing a lower but still incriminating BAC level). It also applies when a party introduces the exact same evidence as the evidence to which he objected. See, e.g., Snarr v. Commonwealth, 131 Va. 814, 818 (1921), cited with approval in Drinkard-Nuckols v. Andrews, 269 Va. 93, 101 (2005), and Isaac, 58 Va. App. at 262. The same-evidence waiver principle "should be narrowly construed" when it involves evidence that is merely of the same kind or character, such as a "type of evidence" like hearsay or leading questions. See Sinclair, supra, at 126 (emphasis omitted). However, "once evidence of *particular facts* has been introduced without objection[,] the objection is properly deemed waived as to those particular facts." Id. at 126 & n.74 (citing Douglas Land Co. v. T.W. Thayer Co., 107 Va. 292, 298-99 (1907)); see Chesapeake & Ohio Ry. Co. v. McCarthy, 114 Va. 181, 185 (1912) ("This court has

repeatedly held that an objection to the admissibility of evidence is unavailable to one who has himself elicited *the same facts* in the cause." (emphasis added)).

Regarding the order of introduction of the evidence, "[t]he rule finds its most frequent application in cases [in which] the party mak[es an] objection [and] *afterwards* introduces the same evidence." Burns v. Bd. of Supers., 227 Va. 354, 363 (1984) (quoting Whitten v. McClelland, 137 Va. 726, 741 (1923) (emphasis added)). Nevertheless, "it is properly and logically applicable in any case, regardless of the order of introduction." Id. (quoting Whitten, 137 Va. at 741), quoted with approval in Pettus v. Gottfried, 269 Va. 69, 79 (2005). Consequently, waiver may also occur where a litigant offers particular evidence earlier in a trial and then later objects to similar evidence offered by his opponent. See Shockey v. Westcott, 189 Va. 381, 388 (1949); see also Pettus, 269 Va. at 79 (citing Whitten, 137 Va. at 741).

In short, the same-evidence principle provides that a party "cannot . . . avail[]" himself of an objection to evidence if he "has, at some other time during the trial," *either* "voluntarily elicited the same evidence" *or* "permitted it to be brought out by [the opposing party] without objection." Burns, 227 Va. at 363 (emphasis omitted) (quoting Whitten, 137 Va. at 741); see Nat'l Coll. of Bus. & Tech., Inc. v. Davenport, 57 Va. App. 677, 690 n.16 (2011). In this case, the appellant did both of these things. Therefore, he cannot now complain on appeal.

Case law defining the contours of the same-evidence principle recognizes a "limited" exception when the claimed waiver is based on "evidence elicited 'during cross-examination of a witness or [given] in rebuttal testimony.'" Isaac, 58 Va. App. at 261 (quoting Zektaw v. Commonwealth, 278 Va. 127, 134 (2009)). However, a threshold criterion for the exception is that it applies only where the trial court first *overrules* the party's objection to the admission of evidence offered by his opponent. Id. at 260. This criterion exists because the very purpose of the exception is to permit the objecting party to make a limited challenge to the *admitted*

evidence without waiving his or her timely objection. See Jackson v. Commonwealth, 228 Va. 330, 335-36 (1984); Isaac, 58 Va. App. at 261-62.[4] The exception does not apply if a party either does not object to particular evidence or objects successfully, thereby preventing that evidence from being admitted. See Isaac, 58 Va. App. at 260. Under these circumstances, nothing has been admitted over the party's objection that he is entitled to rebut under the exception. See id. Accordingly, absent a timely objection that is overruled by the trial court, "the party who [brings] out the evidence in question," even if he or she does so on cross-examination, "or who . . . permit[s the evidence] to be brought out, can be fairly held responsible for its presence in the case." Pettus, 269 Va. at 79 (quoting Whitten, 137 Va. at 741). Under these circumstances, the exception is not available, and the challenge is waived.

In the instant case, the specific testimony that the appellant challenges is limited to Officer Khan's statements that the appellant admitted that (1) "he parked the car [in the roadway]" twenty minutes earlier, (2) he consumed two beers that night but did "not ha[ve] anything to drink after he . . . parked the . . . vehicle," and (3) he was at a four on an intoxication scale of one to ten when questioned.[5] The appellant asserts that without this testimony, the record contains insufficient evidence to prove that he drove the van or consumed alcohol.

---

[4] As explained previously, the objecting party loses the right to invoke the exception and waives his objection if he presents "the same or similar evidence" *in his case in chief* "in order to explain [the evidence] away or to offer a more favorable interpretation" of it. Isaac, 58 Va. App. at 262.

[5] The analysis portion of the appellant's brief contains only the general argument that Officer Khan should not have been permitted to testify to anything that the appellant allegedly said through the interpreter and does not reference any of the specific testimony of Officer Khan to which he objects. Only in the brief's statement of facts does he reference specific aspects of Khan's testimony, noted as (1) and (2) in the text immediately preceding this footnote. Item (3) in the text is another incriminating fact about which Khan testified over the appellant's general hearsay objection. The Court uses these statements for purposes of analysis.

The appellant's argument fails to acknowledge the impact of the same-evidence principle in light of two key events: (1) the unobjected-to admission of the contents of the recording of his arrest and interaction with Officers Khan and Leyton, and (2) the testimony that the appellant himself elicited from Khan on cross-examination. As detailed below, Khan's testimony when the prosecutor recalled him as a witness—the only evidence to which the appellant unsuccessfully objected—was merely cumulative of the statements contained in the audio portion of the recording and Khan's testimony on cross-examination by the appellant.[6] Consequently, the same-evidence principle applies here to establish that the appellant waived his assignment of error with respect to both his act of driving and his consumption of alcohol.[7]

Regarding the appellant's waiver of his right to object to the admission of evidence about his driving, the recording of Khan's and Leyton's interaction with the appellant, to which the appellant did not object, establishes that the appellant admitted that he drove the vehicle. After several exchanges in the recording between Officer Leyton and the appellant, Leyton asked in English if "a lady [was] with him" and then said, "She was driving. They stopped. She said go park the car. . . . He did park the car." Further, at least four times during the recording, Khan stated that the appellant parked the car or said that he had done so. Additionally, the appellant elicited testimony from Officer Khan confirming that at a particular point in the recording, Khan said, in response to something Officer Leyton had related, "[S]he was driving, and then she told

---

[6] To the extent that the appellant asserts that the only intelligible audio in the recording "[i]s of Officer Khan," he is mistaken. Although the majority of the audible statements in the recording are Khan's, various statements of Leyton and the appellant are also discernable.

[7] As we recognized in Salahuddin v. Commonwealth, 67 Va. App. 190, 211 n.7 (2017), in some cases, the facts and circumstances that result in a waiver under same-evidence principles may also render any error harmless. See Isaac, 58 Va. App. at 260-61 (quoting N.Y. Life Ins. Co. v. Taliaferro, 95 Va. 522, 523 (1898)). Although "explained in different ways, the practical effect of the principle . . . 'is the same.'" Id. (quoting Taliaferro, 95 Va. at 523). Consequently, we do not separately address the Commonwealth's contention that any error was harmless.

- 10 -

him to park the car." The appellant then also twice elicited testimony from Khan that Officer Leyton told him that the appellant "said he parked the car."

Regarding the appellant's waiver of his right to object to the admission of evidence about his alcohol consumption, Officer Khan testified on direct examination, without objection, that the appellant stated through Officer Leyton that he had consumed two Corona beers that evening.[8] Khan further related that he had found "two partially consumed Coronas" between the van's front seats. The recording played for the jury corroborates this testimony. The recording also indicates that Khan asked Leyton to inquire whether the appellant "had anything to drink after he parked the car there." Leyton then said something indecipherable, presumably in Spanish, and the appellant audibly replied, "No." The recording also includes Khan's request to Leyton to ask the appellant how intoxicated he was on a scale of one to ten, with ten being the most intoxicated he had ever been. After an indecipherable exchange between Leyton and the appellant, Khan, apparently repeating what Leyton said to him, stated, "Four out of ten."

Consequently, the record confirms that the evidence about which the appellant now complains—Khan's testimony about the appellant's driving and alcohol consumption, given the second time he was called to testify—was merely cumulative of other evidence of those particular facts. See McCarthy, 114 Va. at 185; Sinclair, supra, at 126 & n.74 (citing Douglas

---

[8] To the extent that the appellant suggests that he objected to Officer Khan's testimony that the appellant admitted he had consumed two Corona beers that night, his suggestion is refuted by the record. The transcript reflects that the appellant made a hearsay objection only after the prosecutor asked an additional question. The trial court sustained the appellant's objection, but the appellant did not ask the court to strike the testimony that Officer Khan had already given, and the trial court did not strike that testimony *sua sponte*. Consequently, Khan's testimony on direct examination that the appellant admitted having consumed two beers is part of the record. See M.G. v. Albemarle Cty. Dep't of Soc. Servs., 41 Va. App. 170, 189 n.10 (2003) (noting that when a litigant objects but does not "move to strike . . . testimony already given," that testimony is "part of the record for purposes of appeal" (citing Kent Sinclair, Joseph C. Kearfoot, Paul F. Sheridan & Edward J. Imwinkelried, Virginia Evidentiary Foundations § 2.4[A], at 20 (1998); and 1 John W. Cooley, Callaghan's Appellate Advocacy Manual: Lawyer's Edition § 3.09, at 29 (1993))).

Land Co., 107 Va. at 298-99).  The record further establishes that the cumulative evidence had previously been admitted either at the request of or without objection from the appellant.

On this procedural posture, the exception to the same-evidence waiver principle does not apply because the appellant did not meet the threshold requirements of making an objection to the Commonwealth's evidence and having the trial court overrule it.  See Isaac, 58 Va. App. at 260.  First, when the Commonwealth offered the recording into evidence and played it for the jury, the appellant did not object to the admission of the recording or any of its contents.  There simply was no objection to the admission of the recording, and absent admission of the evidence over an objection, the exception does not apply.  Second, with regard to the prosecutor's initial attempt on direct examination to elicit hearsay testimony from Officer Khan about Officer Leyton's translating, the appellant objected to Officer Khan's testimony, and the trial court *sustained* rather than overruled that objection.[9]  Accordingly, Officer Khan was not permitted to testify on the subject at that time, and when the appellant, on cross-examination of Khan, elicited hearsay testimony from him that the appellant admitted driving the van and drinking alcohol, the record contained no prior testimony that the exception entitled the appellant to rebut.  As a result, the appellant was "responsible for [the] presence" of that evidence in the case and was not entitled to invoke the exception.  See Pettus, 269 Va. at 79 (citing Whitten, 137 Va. at 741).

Based on this record, under the same-evidence principle, the appellant's failure to object to the admission of the recording of his questioning and arrest, as well as his decision to

---

[9] As noted *supra* in footnote 8, Khan testified without objection that he inquired through Leyton how much alcohol the appellant had consumed and the appellant stated through Officer Leyton that he had drunk "two Coronas."  The appellant objected only after that testimony had been admitted, and he did not move to strike the testimony already given.  Consequently, Khan's testimony that the appellant said that he consumed two beers was *not* admitted over a timely objection of the appellant, and just like with the recording, he did not meet the threshold necessary to invoke the exception to the same-evidence principle.

cross-examine Officer Khan about some of the contents of that recording, resulted in a waiver of his right to object on appeal to the admission of Khan's later hearsay testimony on the same subjects.

## III.  CONCLUSION

We hold that the appellant waived his objection to the admission of hearsay evidence from the police translator because he failed to object to some of the evidence in a timely fashion and also elicited evidence of his own on the same subject.  Consequently, we affirm the convictions.

<u>Affirmed.</u>