COURT OF APPEALS OF VIRGINIA

Present: Judges Causey, Lorish and White

UNPUBLISHED

CYNTHIA ANN BROWN

                                              MEMORANDUM OPINION[*]

v.     Record No. 0134-23-2                         PER CURIAM
                                               MARCH 26, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AMELIA COUNTY
Paul W. Cella, Judge

(David G. Moss; The Law Office of David G. Moss, PLLC, on
brief), for appellant.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.

Cynthia Ann Brown appeals her convictions of five counts of felonious uttering a check

under Code § 18.2-172 and one count of feloniously obtaining money by false pretenses under

Code § 18.2-178. She argues on appeal that the trial court erred in admitting Wells Fargo

business records into evidence. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without

merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Finding no error, we affirm the trial court's

judgment.

BACKGROUND

Cynthia Ann Brown was indicted in Amelia County Circuit Court on five counts of

felonious uttering a check under Code § 18.2-172 and one count of feloniously obtaining money

by false pretenses under Code § 18.2-178. During the bench trial, the Commonwealth moved

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

copies of the alleged fraudulent checks into evidence, relying on a business record certificate of authenticity from Wells Fargo Bank. Brown objected to the fraudulent checks being admitted into evidence and argued that the Commonwealth failed to comply with the authentication requirements of Code § 8.01-390.3(B).[1] The trial court overruled her objection and admitted the evidence after defense counsel acknowledged that the Commonwealth provided him with the documents in the course of discovery while the case was pending in the general district court. The five checks in question were drawn on the account of Preston A. Richardson, were payable to Cynthia A. Brown in amounts ranging from $45 to $782, bore Richardson's purported signature, and were endorsed and cashed by Brown. The checks were cashed while Richardson was incarcerated. Richardson testified that he did not give Brown the authority to write and sign his name on the checks in question.[2]

After the Commonwealth rested, Brown testified on direct examination about why she wrote and cashed the checks and claimed that she did so with Richardson's permission. Brown identified each of the five checks by its number, the amount of each check, and the purpose for

---

[1] Under Code § 8.01-390.3(A), authentication of a business record and the foundation required by Virginia Rule of Evidence 2:803(6) may be laid by "(i) witness testimony, (ii) a certification of the authenticity of and foundation for the record" by either a record custodian or other qualified witness, "or (iii) a combination of witness testimony and a certification." Code § 8.01-390.3(B) requires a proponent of a business record to

> (i) give written notice to all other parties if a certification under this section will be relied upon in whole or in part in authenticating and laying the foundation for admission of such record and (ii) provide a copy of the record and the certification to all other parties, so that all parties have a fair opportunity to challenge the record and certification. The notice and copy of the record and certification shall be provided no later than 15 days in advance of the trial or hearing, unless an order of the court specifies a different time.

[2] Richardson testified that he authorized Brown to use his checking account only one time, to write a check to his attorney.

which Richardson authorized it. She admitted that she wrote the checks to herself and cashed them. At the close of trial, the court found Brown guilty of all the offenses and sentenced her to 30 years of incarceration with 29 years and 4 months suspended. This appeal follows.

ANALYSIS

Brown argues on appeal that although the Commonwealth provided her with copies of the records and the certificate, the failure to provide written notice of its intent to authenticate those records using that certificate rendered that evidence inadmissible under Code § 8.01-390.3(B). Brown asserts that the trial court's improper overruling of her objection is reversible error.

"When 'an accused unsuccessfully objects to evidence which he considers improper and then on his own behalf introduces evidence of the same character, he thereby waives his objection, and [the appellate court] cannot reverse for the alleged error.'" *Stevens v. Commonwealth*, 72 Va. App. 546, 557 (2020) (alteration in original) (quoting *Hubbard v. Commonwealth*, 243 Va. 1, 9 (1992)). The defendant "'cannot . . . avail[]' himself of an objection to evidence if he 'has at some other time during the trial,' either 'voluntarily elicited the same evidence' or 'permitted it to be brought out by [the opposing party] without objection.'" *Id.* (alterations in original) (quoting *Burns v. Bd. of Supervisors of Stafford Cnty.*, 227 Va. 354, 363 (1984)). This "same-evidence principle" applies to not only "exactly the same evidence" but also evidence involving "the same subject," "the same character," or "similar to that to which the objection applies." *Id.* (quoting *Isaac v. Commonwealth*, 58 Va. App. 255, 260 (2011)).

"An exception to the same-evidence principle exists for evidence elicited 'during cross-examination of a witness or in rebuttal testimony.'" *Isaac*, 58 Va. App. at 261 (quoting *Zektaw v. Commonwealth*, 278 Va. 127, 134 (2009)). However, "Virginia courts have applied the rebuttal exception in very limited circumstances," and it "does not apply when the defendant

presents in his case in chief the same or similar evidence he previously objected to in order to explain it away or to offer a more favorable interpretation." *Id.* at 261-62. For instance, a defendant who testifies that he had no knowledge of a letter is rebutting testimony that he sent such a letter; a defendant explaining why he wrote a letter is not. *See Snead v. Commonwealth*, 138 Va. 787, 801 (1924) (defendant's testimony denying knowledge of a letter was rebuttal testimony for purposes of same-evidence principle); *Moore Lumber Corp. v. Walker*, 110 Va. 775, 778-79 (1910) (defendant waived his parol evidence objection under same-evidence principle when he provided his own parol evidence testimony).

During Brown's case-in-chief, while testifying on direct examination, Brown went through the five checks and explained that she wrote and cashed them, the reasons why she did do so, and how the owner gave her permission to write those checks for those purposes. Her testimony authenticated "the same or similar evidence [s]he previously objected to in order to explain it away or to offer a more favorable interpretation." *Isaac*, 58 Va. App. at 262. Under the same-evidence principle, Brown waived her objection to the introduction of the checks when she affirmatively used their content in her own case-in-chief to develop her defense, and neither the cross-examination nor rebuttal testimony exceptions apply. Accordingly, we decline to consider her waived objection on appeal.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*

- 4 -